No. 11,021.

## HENDERSON v. TRUITT.

CONTRIBUTION.—*Equities Between Purchasers of Mortgaged Premises.*—Where a mortgagor sells, and by warranty deed conveys, a part of mortgaged lands, such deed exempts the part sold from contribution to either the mortgagor or a subsequent purchaser of the residue of such lands.

SAME.—*Second Purchaser can not Enforce Contribution Against First.—Redemption by Wife.*—If foreclosure be had in such case against both purchasers, and, under a proper decree, the lands of both be sold, neither the last purchaser nor his wife, on redeeming from such sale, can compel the first purchaser to contribute.

SAME.—*Irregularity in Rendering Judgment.*—It can make no difference in such case, that decree was entered, on default of the second purchaser, by agreement between the plaintiff and the first purchaser, but without notice to or cross complaint against the second purchaser, that the land of the latter should be first offered for sale.

From the Montgomery Circuit Court.

*G. W. Paul, M. D. White* and *J. E. Humphries,* for appellant.

*E. C. Snyder, B. T. Ristine, T. H. Ristine* and *H. H. Ristine,* for appellee.

NIBLACK, J.—Complaint by Sarah Henderson against Sarah E. Truitt, to which a demurrer was sustained, and upon which there was final judgment for the defendant upon demurrer.

The complaint stated that on the 3d day of September, 1866, one Samuel D. Jones was the owner of the following real estate, in Montgomery county, in this State, to wit: The east half of the northeast fractional quarter of section one (1), in township nineteen (19) north, of range five (5) west, and six rods from off the east side of the west half, of the northeast quarter of said section one (1); that said real estate was conveyed to Jones by James Graham and wife and Nathan Graham and his wife; that on said 3d day of September, 1866, Jones and his wife executed to the said James Graham and Nathan Graham a mortgage on said real estate to secure the payment of the purchase-money due from Jones; that said

mortgage secured, amongst others, one note for $1,050, which
the Grahams assigned to one Samuel Binford; that, on the
11th day of September, 1871, Jones and wife sold, and by
warranty deed conveyed, to one John McClamrock, a part of
the real estate which had been mortgaged to the Grahams as
above, and described as sixty acres from off the north end of
the east half of the northeast fractional quarter of section one
(1), in township nineteen (19) north, of range five west; that,
on the 25th day of January, 1873, Jones and wife conveyed
to one James Henderson, by warranty deed, another part of
the real estate which had been mortgaged as above to the
Grahams, and described as thirty-three acres from off the
south end of the east half of the northeast fractional quarter
of section one (1), in township nineteen (19) north, of range
five (5) west, and six rods in width from off the east side of
the west half of the said northeast fractional quarter of said
section one (1), above described, both of which two last named
deeds were duly recorded; that, on the 24th day of May,
1873, John McClamrock sold, and with his wife conveyed,
the tract of land purchased by him of Jones and wife, as herein
above set forth, to the defendant Sarah E. Truitt; that at the
time the defendant so purchased the tract of land conveyed
to her by John McClamrock, the deed executed by Jones and
wife to James Henderson was on record in the proper re-
corder's office; that John McClamrock intended to purchase
also the north half of the strip of land six rods in width taken
from the east side of the west half of the said northeast frac-
tional quarter of section one (1), herein above referred to, and
Jones and wife also intended to convey the said north half
of that strip of land to him, but did not do so; that McClam-
rock went into the possession of said north half of said strip
of land, as well as the land conveyed to him, in the belief
that it was included in the deed of Jones and wife to him;
that the defendant succeeded to the possession of that half of
said strip of land believing that it was included in the deed
of McClamrock to her, under which she claimed title; that

the legal title to said entire strip of land had, however, all
the while remained in Henderson under the deed to him
from Jones and wife, to which reference has already been
made; that the plaintiff was at the time said last named
deed was made, and still is, the wife of said Henderson; that
the land occupied by Henderson is of the value of $1,000,
and the north half of the strip of land referred to, and oc-
cupied by the defendant, is, with the improvements upon it,
of the value of the like sum of $1,000; that the note as-
signed to Binford remained unpaid, and Jones became a non-
resident of this State and insolvent; that at the February
term, 1881, of the Montgomery Circuit Court, Binford brought
suit to foreclose the mortgage executed by Jones and wife
upon all the mortgaged lands, making the defendant and this
plaintiff, and others, defendants to such suit for foreclosure;
that the plaintiff and her husband made default in that suit;
that the defendant appeared and filed an answer to the com-
plaint of foreclosure, asking that the land conveyed to Hen-
derson be first sold to satisfy the mortgage debt, but did not
file any cross complaint demanding such relief; that at said
term Binford obtained a judgment for the sum of $1,187 and
a decree of foreclosure upon all the mortgaged lands; that
at the request of Binford and the defendant, the court made
a finding that thirty-three acres taken from the south end
of the east half of the northeast fractional quarter of sec-
tion one (1), herein above several times described, and that
the south part of the strip of land six rods in width, hereto-
fore more particularly designated, extending the full length
of said thirty-three acre tract, were sold to. Henderson, the
plaintiff's husband, after McClamrock had received a con-
veyance for the more northern part of the said east half of
the northeast fractional quarter of said section one (1); that
the court thereupon ordered that the lands so found to have
been sold to Henderson, after the sale to McClamrock, should
be first offered for sale to satisfy the mortgage debt, and that
in the event such lands did not sell for enough to accomplish

that purpose, so much of the remaining mortgaged lands as
might be necessary to pay such debt should be sold; that
said order as to the manner in which the mortgaged lands
should be sold was made without any cross complaint being
filed, and without notice either to Henderson or to the plain-
tiff; that a copy of the decree of foreclosure was issued to the
sheriff of Montgomery county, who duly advertised the mort-
gaged lands for sale, and first offered the south ends of two
tracts included in the mortgage for sale, as directed by the
decree, and, not being able to sell the same for enough to pay
the mortgage debt, he offered in addition the north part of
the six rods in width strip of land in the possession of. the
defendant; whereupon one James McClamrock bid for the
thirty-three acre tract taken from the south end of the said
east half of the northeast fractional quarter of section one
(1), and for the entire strip of land, six rods in width, the
sum of $1,294.96, and, no person bidding more, the said two
tracts were struck off and sold to him for that sum, he pay-
ing the purchase-money to the sheriff and receiving a certifi-
cate of his purchase thereof; that the defendant failed to re-
deem the lands so sold by the sheriff, or any part thereof, and
that the plaintiff, as the wife of James Henderson, on the day
before the time for the redemption of the same expired, did
redeem said lands by paying to the clerk of the Montgomery
Circuit Court the sum of $1,339.39; that at the time said
lands were so redeemed, the legal title to both tracts was in
the plaintiff's husband, but the defendant was in the posses-
sion of the north part of the strip of land six rods in width
as the equitable owner thereof; that James McClamrock ac-
cepted the redemption money so paid into the clerk's office
by the plaintiff; that, as the lands were sold as an entirety,
the plaintiff could not redeem any specific part, but was com-
pelled to redeem the whole, and that by reason of the prem-
ises the plaintiff has acquired a lien on the said north part
of the strip of land six rods in width, claimed by the defend-

ant, for its proportionate share of the amount of money paid to redeem all that was sold by the sheriff.

Wherefore the plaintiff demanded that an accounting might be had to ascertain the amount which ought to be charged against the said north part of the strip of land, six rods in width, in the possession of and claimed by the defendant as its share of the redemption money paid by the plaintiff; that the plaintiff might be subrogated as against that tract of land to all the rights of Binford under the decree of foreclosure, and that she might have all other proper relief.

When the estates of two persons are subject to a common encumbrance, and one pays the encumbrance for the benefit of both, he has the right, either to hold both estates thus redeemed until the other party shall pay his equitable proportion of such common encumbrance, or he may enforce contribution from the other party for such equitable proportion. But in all such cases the equities must be equal. Hence, if the party discharging the encumbrance is primarily liable for its payment, he can claim nothing from the other, however much the latter may be benefited by having the encumbrance removed from his property.

"A mortgagor who has sold a portion of the land covered by the mortgage by warranty deed can not claim contribution of the purchaser, because he is himself liable for the whole debt. Neither can a subsequent purchaser call upon a prior one for contribution, because such subsequent purchaser acquires only the rights the mortgagor then had, and therefore the equities of the two purchasers are not equal.     *     *     *

"When a mortgage is foreclosed by a suit in equity or an equitable suit under the codes adopted in many States, the equities of purchasers of portions of the mortgaged estate are protected by a direction in the decree of sale that the parcels be sold in the inverse order of alienation." 2 Jones Mort., section 1089. *Chase* v. *Woodbury*, 6 Cush. 143 ; *Kilborn* v. *Robbins*, 8 Allen, 466.

Where a mortgagor sells a part of the mortgaged land by

warranty deed, such deed exempts the land conveyed by it from contribution in favor of the mortgagor, or any one else claiming the remaining mortgaged lands under him, with notice of the conveyance. 2 Jones Mort., sections 1090, 1091.

As has been seen, the purchase by Henderson of a part of the mortgaged lands was nearly a year and a half subsequent to the time at which John McClamrock received a warranty deed for the part purchased by him. Henderson, therefore, became the purchaser of that portion of the mortgaged lands which remained in Jones after he and his wife had conveyed and warranted a part to McClamrock. Consequently, applying the doctrine, deduced from the authorities as above, to the facts, as we find them in the complaint, the lands purchased by Henderson became primarily liable for the payment of the note sued on by Binford. If, therefore, Henderson should have paid that note, or have discharged the decree of foreclosure entered upon it, he would have acquired no right of contribution against the defendant as the grantee of McClamrock. As the plaintiff acquired the right to redeem the lands from the sheriff's sale through her marital relations with Henderson, it would seem to follow, as an inevitable consequence, that she can assert no greater right, in that respect, than Henderson could have done upon payment of the mortgage debt.

Our inference from the facts pleaded is, that the complaint did not make out a case for contribution against the defendant. In our opinion, the complaint, also, failed to state facts entitling the plaintiff to subrogation to any right to proceed directly against that part of the mortgaged lands held by the defendant. *Bradley* v. *George*, 2 Allen, 392. By the terms of the decree of foreclosure, which was acquiesced in by, and is hence binding upon, all the parties to it, Binford was required to proceed primarily against the land held by and in the possession of Henderson. If, therefore, all the parties interested in that decree, and necessary to have given full jurisdiction in the premises, had been brought before the

·circuit court by this proceeding, the plaintiff could not have been subrogated to any remedy more comprehensive than was accorded to Binford, and in the event of her subrogation to the rights of Binford, she would be compelled to proceed primarily, if at all, against the property of Henderson, as Binford was required to do by the decree under which the lands were sold.

The judgment is affirmed, with costs.

Filed May 9, 1884.