Filed Oct. 11, 1893.

---

No. 16,295.

## Jennings et al. *v.* Moon et al.

TRIAL BY JURY.—*To Quiet Title or to Declare a Lien.—How Tried.— Demand for Trial by Court, When too Broad.*—Where, upon a given state of facts as set forth in the complaint relating to real estate, the plaintiff asks that his title be quieted to the same, or, that upon refusal to quiet title, a lien be declared in his favor, such action is triable by a jury; and where a party makes his demand for a trial by the court so broad as to include an issue triable by a jury, there is no error in refusing the demand.

QUIETING TITLE.—*Lien.—Mechanic's Lien.—Tenants in Common.— Pledge to Secure Payment of Lien.—Interest in Pledge.—Evidence.—* A., B., C. and D. were tenants in common holding by conveyances by warranty deeds from a common grantor, A. and B. having received their conveyance prior to C. and D. The common property, at the time the conveyances were made, was subject to a mechanic's lien. The lien was foreclosed and the property sold, the lien hold-

ers purchasing at the sale. The lien holders assigned the certificate of purchase to C. and D., and upon failure to redeem, C. and D. received a sheriff's deed for the same. Upon the conveyance from the common grantor to C. and D., C. and D. received a pledge of a certain planer with attachments, to secure the payment of the lien on the land so held in common, the grantor agreeing to discharge the lien in six months. A. and B. bring suit to quiet their title to the undivided one-half of said land, and C. and D., by cross-complaint, ask that their title be quieted to the whole of the land, by virtue of their title by sheriff's deed, or that, upon refusal to quiet title, a lien be declared in their favor.

*Held,* that A. and B. had a direct interest in the property pledged for the payment of the lien, and that the pledge contract was admissible in evidence.

*Held,* also, that it was the duty of C. and D. to convert the pledged property into money at the end of the six months and apply the same to the extinguishment of the lien, and that if C. and D. neglected to use diligence in the sale of the pledged property, and the same was lost, they are chargeable with its reasonable value at the time they ought to have sold it, and that if C. and D. converted such property to their own use, they are likewise chargeable, and, in such case, if the property so converted equaled in value the amount of the lien, C. and D. are not entitled to a lien for money paid out by them to remove the mechanic's lien, but if the pledge was not equal, in value, to the lien, A. and B. are entitled to their *pro rata* share of the value thereof.

*Held,* also, that C. and D. could not purchase a lien on the common property and thus acquire title to their co-tenants' interest in the land, and that C. and D., at most, would only be entitled to contribution from A. and B. for their portion of the lien so paid.

LIEN.—*Real Estate.*—*Several Parcels.*—*Incumbrance on All.*—*Sale of the Parcels to Different Persons.*—*Liability for Lien in Inverse Order of Sale.*—Where there are several parcels of land with an incumbrance upon all of them, and the person owning the whole land, and liable to pay such incumbrance, sells the different parcels to different persons, the purchasers must contribute to the payment of the lien in the inverse order of their purchases.

From the Howard Circuit Court.

*C. Bull* and *C. N. Pollard,* for appellants.

*J. C. Blacklidge, W. E. Blacklidge, B. C. Moon, M. Bell* and *W. C. Purdum,* for appellees.

HOWARD, J.—On the 1st day of January, 1884, one

Freeman and his wife, being the owners of lot 8, in Fry's addition to Greentown, Howard county, Indiana, conveyed, by warranty deed, to appellees, the undivided one-half of said lot; and, on the 23d day of February, 1884, the said Freeman and wife conveyed, also, by warranty deed, to appellants, the remaining undivided one-half of said lot.

Prior to said sales, and while said Freeman and wife were sole owners of said lot 8, there were certain mechanics' liens on said lot, for the payment of which Freeman and wife were liable.

After said sales to appellees and appellants, the said liens were foreclosed, appellees and appellants being made parties to the suits in foreclosure, and the said lot was sold by the sheriff in discharge of the liens. Appellants became the owners of the sheriff's certificate of sale, and, on the expiration of the time for redemption, received from the sheriff a deed for the whole of lot 8.

This action was begun, in the court below, by the appellees, who filed their complaint to quiet their title to the undivided one-half of said lot.

To this complaint the appellants answered by a general denial.

Appellants also filed a cross-complaint in two paragraphs, in the name of Margaret E. Jennings, and also jointly in the name of both appellants.

The first paragraph of the cross-complaint is an action to quiet title in appellants to the whole of said lot 8.

The second paragraph of the cross-complaint sets up the following facts: That on the 5th day of May, 1883, and up to the 28th day of July, 1883, one George W. Price was the owner, in fee-simple, of the whole of said lot 8; that while said Price was the owner of said lot 8, and also of 4 x 54 feet of lot 9, adjacent thereto, Henry Hunt and William Hunt acquired a mechanic's lien on

all of said real estate; that on the 10th day of March, 1884, said Hunt & Hunt commenced their action in the Howard Circuit Court to foreclose said lien against said Price, Freeman and Freeman, and appellees and appellants, all of whom were duly summoned to appear to said action; that said Hunt & Hunt recovered a personal judgment against said Price, for $206.39, a foreclosure of said lien, and an order of sale of said real estate; that on January 10, 1885, said land was duly sold by the sheriff to said Hunt & Hunt, for $253.97, who received a certificate of purchase therefor; that said Hunt & Hunt duly assigned said certificate to appellant William L. Jennings, who, on January 11, 1886, duly assigned the same to his co-appellant Margaret E. Jennings; that after the year for the redemption of said property so sold had expired, the said appellant Margaret E. Jennings received from the sheriff a deed for the whole of said real estate; that from the 1st day of January, 1884, up to the date of said sheriff's sale, the appellees were the owners, in fee-simple, of the undivided one-half of said lot 8, except a certain room in a building on said lot 8, which belongs to the appellant Margaret E. Jennings; that appellees became the owners of said undivided one-half of lot 8 by purchase from said Freeman and Freeman; that appellants were the owners by entireties of the undivided one-half of said lot 8, and the whole of said strip 4 x 54 feet of lot 9, from the 23d day of February, 1884, up to the date of said sheriff's sale; that appellants became the owners of said undivided one-half of lot 8, and of said 4 x 54 feet of said lot 9, also by purchase from said Freeman and Freeman, showing also the purchase of a judgment lien in like manner by the appellant Margaret E. Jennings against all of said lot 8 and said strip of lot 9. Averring that appellees are claiming title to the undivided half of lot 8, adverse to the title of said appellant,

which claim is a cloud on her title; asking that her title be quieted against appellees to the whole of said lot 8; that in default of the court giving her a decree quieting her title, she have a lien on said lot 8 for four hundred dollars, and that the undivided one-half thereof so claimed by appellees be sold to satisfy such lien, and other relief.

The cross-complaint by appellants, jointly, was similar, and need not be set out, as the same questions arise under both, and we shall refer hereafter to but one cross-complaint. A sheriff's deed to appellants, for all the land, is also shown in the joint cross-complaint.

A demurrer to the second paragraph of the cross-complaint was overruled, and an answer to the cross-complaint in general denial followed.

The cause was submitted to a jury, who returned a general verdict for the appellees, that they are the owners of the land described in the complaint, and that the appellants, nor either of them, have any lien thereon, also answering certain interrogatories.

Over a motion for a new trial, and also a motion for judgment for appellants on the answers to the interrogatories, the court entered judgment for the appellees.

The only error assigned is the overruling of the motion for a new trial.

The first reason given for a new trial is that the court refused the request of appellants to submit the issue made in the second paragraph of the cross-complaint to the court for trial.

The second paragraph of the cross-complaint sets up a state of facts upon which appellants based their claim to the land in question, and concludes with a prayer to quiet their title thereto against appellees. There is a further prayer that if the court should refuse to quiet title that a lien be declared in favor of appellants.

We think this paragraph shows an action to quiet title simply, to give to appellants whatever title or interest they may have in the land. Such an action is triable by a jury. We must, as a general rule, look to the facts pleaded, and not to the prayer of the pleader, to determine the character of the pleading.

"The court will look to the substantial averments of the complaint or cross-complaint, as the case may be, and from the facts so averred determine whether the action is one of equitable or common law jurisdiction," and whether it is triable by the court or by a jury. *Martin* v. *Martin*, 118 Ind. 227; see, also, *Puterbaugh* v. *Puterbaugh*, 131 Ind. 288.

As well said by the court to the jury in this case: "Our statute providing for the quieting of title does not confine the question to one of ownership, but it embraces all claims affecting the owner's right to enjoy his land. When one is brought into court in such an action to answer as to his interest, he must set forth all the interest he claims. The complaint challenges him to present every claim of every nature that he has against the land. It is the object of the statute to settle all claims to the land in one action." *Green* v. *Glynn*, 71 Ind. 336; *Farrar* v. *Clark*, 97 Ind. 447; *Ragsdale* v. *Mitchell*, 97 Ind. 458; *Faught* v. *Faught*, 98 Ind. 470; *Watkins* v. *Winings*, 102 Ind. 330; *Indiana, etc., R. W. Co.* v. *Allen*, 113 Ind. 581; *Jackson* v. *Smith*, 120 Ind. 520; *Bisel* v. *Tucker*, 121 Ind. 249; *Davis* v. *Lennen*, 125 Ind. 185.

Even if there were two actions joined in this paragraph, one to quiet title and one to declare a lien, as appellants seem to intimate, still there would be no error in refusing the request, "that the issue made in the second paragraph of the cross-complaint and the answer thereto be tried by the court."

The issue made in that paragraph to quiet title was

triable by a jury; and unless all the issues made by the paragraph were triable by the court the motion should be overruled.

By section 409, R. S. 1881, equitable actions and defenses are triable by the court, and actions at law by a jury, except as provided in that section; and if a party makes his demand for a trial by the court so broad as to include an issue triable only by a jury, there is no error in refusing the demand. *Ross, Admr.,* v. *Hobson,* 131 Ind. 166; *Lindley* v. *Sullivan,* 133 Ind. 588, and *Ex Parte Kiley,* 135 Ind. 225.

It is contended by appellants that the court erred in admitting in evidence a certain written agreement made between appellants and Freeman and wife, February 23, 1884, at the time appellants purchased from said Freeman and wife their undivided one-half of lot 8.

The agreement provided, amongst other things, that a certain planer, being a "6x24 inch surfacer and matcher," with attachments named, should remain in the possession and use of appellants until Freeman and wife "shall pay off and discharge all taxes and incumbrances against said lot 8 and said part of said lot 9."

The intent of this provision being stated to be that Freeman and wife should clear and perfect the title to said real estate before delivery should be made of said planer and attachments, and until they did so the use and possession thereof were to remain with appellants, there is no doubt, from this agreement, that the planer was pledged for the discharge by Freeman and wife of the mechanic's liens and other incumbrances on lot 8 and part of lot 9, for the payment of which Freeman and wife were liable before the making of the warranty deeds to appellees and to appellants. By the warranties in their deeds, Freeman and wife continued liable for the payment of those liens.

We think, therefore, that appellees had a direct interest in the property pledged for the payment of the liens, and that the contract was properly admitted in evidence.

Evidence was submitted to the jury that the value of the planer was equal to or greater than the amount of the liens against all the real estate.

The court instructed the jury that if the common grantors of appellees and appellants made to appellees a warranty deed of the part of the land sold to them, and afterwards conveyed the remainder of the land to appellants, and at the same time placed in the hands of appellants the planer and attachments to indemnify them against the payment of the mechanic's lien, which it was the duty of Freeman and wife to pay, and which they agreed to pay within six months; then it was the duty of appellants to convert the pledged property into money at the end of the six months and apply the same to the extinguishment of the liens; that if appellants neglected to use diligence in the sale of said property, and the same was lost, they are chargeable with the reasonable value thereof at the time when they ought to have sold it; that if appellants converted said property to their own use, they are likewise chargeable; that if, at the end of said six months, the evidence should show said property was reasonably worth as much as the amount then due on the mechanic's liens paid by appellants, and that appellants had converted said property to their own use, they are not entitled to hold any liens for moneys paid out by them to remove said mechanic's liens, but the same will be considered as satisfied by such conversion of such pledged property; that appellees, as well as appellants, are entitled to the benefit of any indemnity placed by the grantors of both in the hands of appellants to protect them against mechanic's liens which it was the duty of grantors to pay. If this indemnity was not of the full

value of the liens, appellees are entitled to their *pro rata* share of the value thereof.

These instructions correctly stated the law to the jury as to the interests of appellants and appellees in the pledged property. On the failure of Freeman and wife to discharge the mechanic's liens according to the agreement, the pledged property inured to the benefit of both grantees to the real estate, and should have been sold and the proceeds applied to the payment of the liens. *Evans* v. *Darlington*, 5 Blackf. 320; *Indiana, etc., R. W. Co.* v. *McKernan*, 24 Ind. 62; *Scott* v. *Wallick*, 24 Ind. 124; *Cox* v. *Albert*, 78 Ind. 241; *Rosenzweig* v. *Frazer*, 82 Ind. 342; *Schindler* v. *Westover*, 99 Ind. 395; *Stearns* v. *Marsh*, 4 Denio, 227; *Wilson* v. *Little*, 2 N. Y. 443; Pingrey Chat. Mort., section 9; 1 Cobbey Chat. Mort., section 456; Jones' Pledges, section 403; Herman Chat. Mort., section 195; Jones' Chat. Mort., sections 710, 711, 773.

The court instructed the jury that, under the evidence, the appellees were the owners of the property described in their complaint, and that the sheriff's deeds gave no title to appellants, and that the only question for the jury was to say whether appellants had any lien upon the property, and, if any, for how much.

This was clearly right. All the evidence, including that of appellants, showed that appellants and appellees were tenants in common, and that appellants' claim of title through the sheriff's deeds was based upon their payment of the mechanic's liens, which were due by the common grantors of both parties; and, consequently, that, at most, appellants would only be entitled to contribution from appellees for their proportion of such liens paid by appellants.

All the authorities are to the effect that a cotenant can not purchase a lien on the common property and thus

acquire title to his cotenant's interest in the land. *Mc-Pheeters* v. *Wright*, 124 Ind. 560, and authorities there cited.

But were there any doubt that the judgment in this case should be affirmed, that doubt would be removed by a consideration of the facts shown in the record, that Freeman and wife conveyed to appellees, on January 1, 1884, by warranty deed, the land described in the complaint, and that, on February 24th, thereafter, the same grantors conveyed the other undivided one-half of said land to appellants. When Freeman and wife sold the undivided one-half of lot 8, by warranty deed, to appellees, the obligation to pay the mechanic's liens on all said lot remained upon Freeman and wife, and any property owned by them was primarily liable for the payment of the liens.

When, therefore, on February 24, 1884, Freeman and wife sold the remaining undivided one-half of said lot to appellants, they conveyed to appellants only the title which they then possessed, which title was coupled with a primary liability to pay the liens on the whole lot. Appellees could be called upon to pay any part of such liens only in the event that the part of said lot sold to appellants proved insufficient to pay the whole lien.

Where there are several parcels of land with an incumbrance upon all of them, and the person owning the whole land, and liable to pay such incumbrance, sells the different parcels to different persons, the purchasers must contribute to the payment of the liens in the inverse order of their purchases. The last parcel sold must be exhausted for the payment of the whole lien before recourse is had to any of the other parcels, and so back in order to the first parcel sold. Appellants were, therefore, primarily liable for the pay-

ment of all the mechanic's liens in this case, and recourse could be made upon appellees only in case the interest purchased by appellants proved insufficient to pay the whole amount due.   *Aurora Nat'l Bank* v. *Black*, 129 Ind. 595, and cases there cited.

In *Henderson* v. *Truitt*, 95 Ind. 309, it is said that "A mortgagor who has sold a portion of the land covered by the mortgage by warranty deed can not claim contribution of the purchaser, because he is himself liable for the whole debt.   Neither can a subsequent purchaser call upon a prior one for contribution, because such subsequent purchaser acquires only the rights the mortgagor then had."   2 Jones' Mortgages, sections 1089, 1090, 1091.   See, also, 15 Am. and Eng. Encyc. of Law, 831, and authorities cited in notes.

The judgment is affirmed.

