Filed December 17, 1895.

No. 1,655.

## STEPHENSON v. CLAYTON.

MARRIED WOMAN.—*Estoppel in Pais.*—A married woman is, under section 6962, R. S. 1894, bound by an estoppel *in pais* as any other person.

ESTOPPEL.—*Maker of Promissory Note.—Statement to Purchaser that She Has no Defenses.*—The maker of a note is estopped to deny her liability thereon as to a purchaser for value before maturity, by stating to him before the purchase that she had no defenses thereto and would pay the note, although she did not at the time know that she had any defenses.

From the Kosciusko Circuit Court.

*L. W. Royse*, for appellant.

*S. J. North* and *H. S. Biggs*, for appellee.

LOTZ, J.—The appellee brought this action against the appellant upon a promissory note executed by the latter, she being the only maker. The note was payable to one Grove, and it is alleged that Grove sold and assigned it to one Miles, and that Miles, for value, endorsed it to the appellee before maturity.

The answer was in two paragraphs, the first pleads want of consideration, and the second that at the time the defendant signed the same she was a married

woman, and that it was given for the debt of another person, that of her son.

The plaintiff replied to these paragraphs, first by the general denial and second in estoppel to the effect that before he purchased the note he went to the defendant and informed her that he was about to purchase the note and inquired of her whether there were any defenses to the same and that she informed him that the note was all right and that she had no defenses thereto, but she did not have the money then and would need a little further time in which to make payment, but would pay the note in full in the year of 1893 ; that relying on her statements the plaintiff bought the note from the then holder for a valuable consideration, paying therefor the sum of $289.06.

Appellant's demurrer to this reply was overruled. The ruling on this demurrer presents the only question for consideration on this appeal.

A married woman is bound by an estoppel *in pais* like any other person under the statutes of this State. Section 6962, R. S. 1894 (section 5117, R. S. 1881).

It is insisted that the reply is bad because it does not aver that the defendant had knowledge of the defenses at the time she made the statements and promise to pay. This contention has been squarely decided against the appellant. *Plummer* v. *Farmer's Bank, etc.*, 90 Ind. 386, and cases there cited.

Judgment affirmed.

Filed December 17, 1895.