## BEIDENKOFF v. BRAZEE ET AL.

[No. 3,924. Filed November 12, 1901. Rehearing denied April 10, 1902.]

APPEAL.—*Joint Assignment of Error.*—An assignment that the court erred in overruling appellant's several demurrers to each of a number of paragraphs of answer is joint, and presents no question for review if any one of the answers is good. *p. 647.*

PRINCIPAL AND SURETY.—*Married Women as Surety.*—*Form of Contract.*—Whether the contract of a married woman binds her as principal or only as surety, and is therefore void, is not to be determined from the form of the contract, but from a determination of the question whether she received the benefit of the consideration on which the contract rested. *p. 648.*

FORMER ADJUDICATION.—*Ruling on Demurrer to Answer Does not Constitute.*—Where a cause is disposed of upon a demurrer to an answer, and not upon its merits, it does not constitute a former adjudication. It is only where the matter in issue has either been actually or presumptively denied that the judgment is a bar to another action. *p. 650.*

APPEAL.—*Bill of Exceptions.*—*Evidence Not in Record.*—Errors arising under the evidence cannot be considered on appeal, where it affirmatively appears from the record that it does not contain all the evidence, even though the bill of exceptions contains the statement that "this was all the evidence given in the cause." *p. 651.*

From Perry Circuit Court; *W. S. Hunter*, Special Judge.

Suit by John Beidenkoff against Ella Brazee and husband to foreclose a mortgage. From a judgment for defendants, plaintiff appeals. *Affirmed.*

*W. A. Land* and *E. C. Henning*, for appellant.

*S. H. Esary, J. W. Ewing, E. B. Stotsenburg* and *J. H. Weathers*, for appellees.

WILEY, P. J.—Appellant brought an action against appellees to foreclose a mortgage. No question is raised as to the sufficiency of the complaint. Issues were joined by answer and reply, trial by the court, and a general finding was made in favor of appellees. Over appellant's motion for a new trial judgment was entered on the finding against appellant for costs.

Appellant has assigned errors as follows:   (1) The court erred in overruling appellant's several demurrers to each the second, third, fourth, fifth, and sixth paragraphs of the separate answer of appellee Ella Brazee; (2) the court erred in sustaining the separate demurrer of appellee Ella Brazee to the fourth paragraph of appellant's reply; and (3) the court erred in overruling appellant's motion and supplemental motion for a new trial.   The separate amended answer of the appellee Ella Brazee was in six paragraphs, all of which but the first, which was a general denial, set up affirmative matter in bar.

It will be observed that the first assignment of error is joint, and questions the ruling of the court in overruling the demurrer to all of the five paragraphs of answer. Hence, under the uniform rule in this State, such assignment does not present the question as to the sufficiency of either of such paragraphs of answer, but of all of them. It necessarily follows that if the ruling on the demurrer to either of the paragraphs of answer was correct the assignment must fail.   The authorities in support of this rule are numerous and uniform.   *Moore* v. *Morris,* 142 Ind. 354; *Saunders* v. *Montgomery,* 143 Ind. 185; *Florer* v. *State, ex rel.,* 133 Ind. 453; *Ketcham* v. *Barbour,* 102 Ind. 576; *Noe* v. *Roll,* 134 Ind. 115; Ewbank's Manual, §135; Elliott's App. Proc., §337.

As above stated the action is to foreclose a mortgage.   The complaint is in the usual form, and its averments are not out of the ordinary.   In the mortgage, however, is a statement that the money secured by the mortgage was loaned to appellee Ella, for her own use, interest and benefit, and business, separate and apart from her husband, and for the benefit of her sole and separate property, and that neither her husband nor any other party derived any benefit therefrom, and that she was in no manner surety.

The second paragraph of appellee Ella Brazee's answer is a plea of coverture and suretyship for her husband and

co-appellee. This paragraph avers that at the time of the execution of the note and mortgage sued on she was and is still a married woman, and was the owner in fee simple of the real estate mortgaged. That she received no part of the consideration for which said note and mortgage were given, and that no part of the same was used on her separate property, but that the whole consideration was for her husband, etc. The sixth paragraph of answer avers that said Ella executed the note and mortgage sued on as surety for her codefendant Merrill A. Brazee; that she received no part of the consideration, and that at the time of the execution thereof she was a married woman.

Appellant has not pointed out any objection to the answer further than to suggest that in the face of the statement in the mortgage, above referred to, appellee Ella has no right to plead coverture or suretyship. Appellant goes upon the theory that appellee is estopped from pleading suretyship by reason of the representations made by her as recited in the mortgage. In this he is in error. This is not the correct rule as declared by the authorities in this State. On the contrary, the rule is that whether the contract of a married woman binds her as principal, or only as surety, and therefore void under §6064 Burns 1901, §5119 Horner 1901, is not to be determined from the form of the contract, but from a determination of the question whether she received the benefit of the consideration on which the contract rested. *Field* v. *Noblett,* 154 Ind. 357; *Vogel* v. *Leichner,* 102 Ind. 55; *Nixon* v. *Whitely, etc., Co.,* 120 Ind. 360; *Crisman* v. *Leonard,* 126 Ind. 202; *Lackey* v. *Boruff,* 152 Ind. 371. Under these authorities the second and sixth paragraphs of appellee's separate answer are clearly sufficient.

In the case of *Field* v. *Noblett, supra,* it appears from the record that appellant loaned to appellee a large sum of money on her representation that she wanted to borrow the same for her own use and benefit. She executed the note

herself, and her husband joined with her in the mortgage. It was held that, notwithstanding such representations, she was not estopped from showing that the contract was one of suretyship, and void under the statute. In the case before us, the fact that the representations of appellee, that the money loaned to her was for her own use, etc., were written into the mortgage can make no difference, for regardless of the form of the contract, a married woman may show in defense that she was only surety thereon, and that no part of the consideration inured to her benefit. The reason of the rule is that though the money may be loaned to the wife, if it be used by the husband, he becomes principal and the wife surety, for the relation of suretyship is fixed by determining who received the consideration. *Lackey* v. *Boruff, supra.* The second and sixth paragraphs of appellee's answer being good, under the assignment of error, appellant is not entitled to have the others considered.

The next question for consideration arises under the second assignment of error, which challenges the action of the court in sustaining the demurrer of appellee Ella to the fourth paragraph of reply. This paragraph of reply attempts to plead former adjudication. The facts which form the basis of the reply may be stated in few words: In 1895 a highway was located and established over and upon the real estate of appellee Ella. She was awarded damages in the sum of $350, and the board of commissioners made an allowance to her of that sum and ordered it paid out of the county treasury. The appellant's assignors sought to have such sum of money, so allowed, applied on the note in suit, upon the ground that an injury to the land was an injury to their security, and protested against the auditor delivering to her a warrant therefor, etc. The appellee thereupon commenced an action by way of mandamus to require the auditor to issue to her a warrant for the damages that had been awarded her. To that proceeding Eigenmann & Co., appellant's assignors, appeared and asked to be

made parties, and their request was granted. They filed an answer averring that they held a mortgage on the land affected by the highway, and that an injury to the land was an injury to their security. Ella Brazee demurred to such answer, which demurrer was overruled, and she declined to plead further. Such proceedings were had that an order was entered directing said damages to be paid to Eigenmann & Co. The title of that cause was State of Indiana ex rel., Ella Brazee, v. Martin F. Cooper, Auditor, etc., et al. It is quite clear that the purpose of the fourth paragraph of reply was to meet the answer of appellee and avoid her defense of coverture and suretyship, and it is thus sought to estop her by judgment.

We are unable to see how appellee is estopped by that proceeding. The rule is that where a cause is disposed of upon a demurrer to an answer, and not upon its merits, it does not constitute a former adjudication. It is only where the matter in issue has been either actually or presumptively determined that the judgment is a bar to another action. *Campbell* v. *Hunt,* 104 Ind. 210; *Winship* v. *Winship,* 43 Ind. 291; *McSweeney* v. *Carney,* 72 Ind. 430.

That a former adjudication may be a bar it must appear that the thing demanded was the same; the demand must be founded upon the same cause of action; the action must be between the same parties, and the demand must be against each other in the same capacity. *Jones* v. *Vert,* 121 Ind. 140, 16 Am. St. 379, 9 Ency. Pl. & Pr., pp. 619, 620, and authorities there cited. In the more recent case of *Kitts* v. *Willson,* 140 Ind. 604, it was held that before the rule of former adjudication could be invoked it must appear that the thing demanded in a subsequent suit is the same as that demanded in the former; that the second demand is founded upon the same cause of action; that it is between the same parties or their privies; and that there had been a finding for one of them against the other, in the former action, in the same quality. The party to be concluded must not only

be the same person, but he must also be suing in the same right.

It is shown by the reply, beyond any question of doubt, that the parties here are not the same as in the former action; that the cause of action is not the same; that the issues are not the same; that the thing demanded is not the same; and that in the proceeding for mandate there was no question of suretyship, even remotely presented in that case. The demand in that case was not in any way connected with appellant or his assignors. That the fourth paragraph of reply wholly fails to state facts sufficient to constitute an estoppel by judgment, see the following additional authorities: *McFadden* v. *Ross,* 108 Ind. 512; *Denney* v. *State, ex rel.,* 144 Ind. 503, 31 L. R. A. 726; *Kitts* v. *Willson,* 140 Ind. 604; *Price* v. *Gwin,* 144 Ind. 105. This disposes of the question raised by the second assignment of error, and brings us to the consideration of questions presented by the motion for a new trial.

Appellant, in his motion for a new trial, assigned twenty-eight reasons. These twenty-eight reasons may, for brevity, be grouped under four heads: (1) The sufficiency of the evidence to sustain the finding; (2) newly discovered evidence; (3) the admission and rejection of evidence; and (4) that the decision of the court is contrary to law. Appellant's discussion of the questions there raised is indeed meager.

As to all questions arising under the evidence, appellant has not brought to this court a record which entitles them to be considered. While the bill of exceptions contains a statement that "this was all the evidence given in the cause," it affirmatively appears from the record itself that it does not contain all the evidence. At page 51, line 7, it appears that a protest of a certain note was offered and read in evidence, yet the same does not appear in the record. At page 52, lines 31 and 33, it is shown that a written contract was offered and read in evidence, yet such contract does not appear in the record. Other instances of this character are

disclosed, but they need not be specified.  This being true the general statement in the bill of exceptions above quoted does not control, for where the bill itself shows it does not contain all the evidence, such statement is unavailing.  Elliott App. Proc. §824, and authorities there cited.  In the recent case of *Noerr* v. *Schmidt,* 151 Ind. 579, it was held that where it is affirmatively shown by the bill of exceptions that evidence was given at the trial which was not copied into the bill a motion for a new trial based upon causes depending upon the evidence cannot be considered on appeal.  If we cannot consider the evidence, it follows that there is nothing from which we can determine that the court erred in overruling the motion for a new trial.  *Noerr* v. *Schmidt, supra.*

To present a question on appeal the party seeking a review of such question must bring to the appellate tribunal a perfect record.  This appellant has failed to do, and by such failure has waived his right to have the questions raised by his motion for a new trial determined.

Judgment affirmed.

## On Petition for Rehearing.

WILEY, J.—Appellant has filed a petition for a rehearing and has assigned three reasons:  (1) That the court erred in holding the second and sixth paragraphs of appellee's answer good; (2) that the court erred in holding that the fourth paragraph of reply was bad; and (3) in holding that the trial court did not err in overruling the motion for a new trial.  In support of the petition, counsel for appellant urge that the second and sixth paragraphs of answer are bad for the reason that the facts stated in the complaint estop appellee from pleading coverture and suretyship.  Counsel say:  "It is our understanding that a married woman * * * is estopped by her acts, unless the other party knew at the time that her representa-

tions and acts were untrue." True a married woman is bound by an estoppel *in pais* like any other person. This rule is a statutory one. §6962 Burns 1901. There are many cases so holding, of which we cite the following: *Ward* v. *Berkshire Life Ins. Co.,* 108 Ind. 301; *Kelley* v. *Fisk,* 110 Ind. 552; *Michenér* v. *Bengel,* 135 Ind. 188; *Pierce* v. *Hower,* 142 Ind. 626; *Stephenson* v. *Clayton,* 14 Ind. App. 76; *Galvin* v. *Britton,* 151 Ind. 1.

It is insisted that the second and sixth paragraphs of answer are bad for the reason that the complaint states facts showing that appellee is estopped from pleading that she did not in fact receive the consideration; that the money was borrowed for her husband; that no part of it was used for the benefit of her separate estate; and that she was surety, etc. As shown in the original opinion there is not a fact stated in the complaint upon which to base an estoppel. True, there is a clause in the mortgage to the effect that appellee represented that she was borrowing the money for her own use and benefit, and that her husband was not to derive any benefit therefrom. The fact that her statements and representations to the original mortgagees were inserted in the mortgage as a part of it could give no added force or effect thereto. The authorities which we cited in the original opinion fully support the proposition that such statements, standing alone, are not sufficient to estop a married woman from showing that her contract was one of suretyship.

There are five elements that must ordinarily be shown to constitute an estoppel by conduct: (1) A representation or concealment of material facts; (2) the representation must have been made with the knowledge of the facts; (3) the party to whom the representation was made must have been ignorant of the truth of the matter; (4) the representation must have been made with the intention that the other party should act upon it; and (5) the other party must have been induced thereby to act. *Kuriger* v. *Joest,* 22

Ind. App. 633, and authorities there cited. It is clear that the representations in the mortgage fall far short of stating facts constituting an estoppel.

In this case we are not dealing with the question of a married woman being bound by an estoppel *in pais,* but the naked question as to whether or not the representations relied upon in the mortgage are sufficient to estop her from pleading the facts set up in her second and sixth paragraphs of answer. The third, fourth, and fifth elements of estoppel, as declared by the authorities, are wanting. There is no averment that the party to whom the representations were made was ignorant of the truth of the matter, nor that the representations were made with the intention that the other party should act upon them; nor that the other party was induced thereby to act. Our holding in this case is not in conflict with the case of *Till* v. *Collier,* 27 Ind. App. 333, for there all the elements of estoppel are shown.

Appellee not being bound by her representations, in the absence of essential elements constituting an estoppel she had a right to show that her husband received the entire consideration, that the money was borrowed for his use and benefit, and that she was only surety.

The other reasons for the petition for a rehearing are not discussed.

Petition overruled.