## Watt *v.* Barnes.

[No. 6,115.  Filed March 31, ·1908.]

1. NEW TRIAL.—*Grounds.—Overruling Request for Jury Trial.*— The overruling of a request for a jury trial is properly assigned as a ground for a new trial. p. 468.
2. APPEAL.—*Briefs.—Setting Out Record.—Waiver.*—Error assigned on the overruling of a request for a jury trial is not waived, where appellant's brief merely sets out the request for such trial and the page and line of the bill of exceptions where such request is made a part of the record. p. 468.
3. TRIAL.—*Request for Jury Trial.—Complaint.—Paragraphs.— Equity.*—Where a complaint consists of two paragraphs, one of which constitutes an action at law, and the other a suit in equity, a request "to submit said cause to a jury for trial" is properly overruled. p. 468.
4. SAME.—*Jury.—Contracts.—Reformation.*—Where a complaint consists of two paragraphs, one for money due upon a contract, the other for a reformation of the contract and for a money judgment, the first paragraph, upon proper request, must be submitted to the jury for trial, and the second one is triable by the court alone. pp. 469, 470.

5. PLEADING.—*Complaint.—Prayer.*—The prayer of a complaint does not conclusively determine the character of a suit, but it should be considered in determining same. p. 470.

6. ESTOPPEL.—*Former Adjudication.—Action on Lease.—Answer of Alienation of Land.—Sustaining Demurrer.*—Where an action was brought for money alleged to be due under a lease, and an answer was filed that plaintiff had sold and conveyed the leased land, to which answer a demurrer was sustained, the issues being closed by a general denial, and judgment was rendered for the plaintiff, such judgment does not estop defendant from alleging such defense of alienation in a subsequent suit for a reformation of the provisions of the deed, and for a judgment for the rentals due under the lease. p. 470.

7. SAME. — *Former Adjudication. — Issues. — Pleading.* — The presumption is that everything provable under the issues in a former suit was determined therein; but for one to avail himself thereof, he must set out the facts constituting such estoppel. p. 473.

From Jay Circuit Court; *John F. La Follette,* Judge.

Suit by John N. Watt against George W. Barnes. From a judgment for defendant, plaintiff appeals. *Affirmed.*

*Charles E. Sturgis, Robert W. Stine* and *James J. Moran,* for appellant.

*L. B. Simmons, Abram Simmons* and *Frank C. Dailey,* for appellee.

MYERS, J.—Appellant by his complaint in two paragraphs sought to recover from appellee rentals alleged to be due to him under the stipulations in a certain oil and gas lease.

This suit was commenced in the Wells Circuit Court on April 10, 1899. The venue was changed to the Jay Circuit Court, where appellant's request "to submit said cause to a jury for trial" was overruled. The issues were submitted to the court, and at the request of the parties the court made special findings of fact and stated conclusions of law thereon. Judgment was rendered against appellant in accordance with the conclusions of law, and for a reversal of that judgment he appeals, and relies upon questions pre-

sented under the following assignments of error: That the court erred (1) in its conclusions of law; (2) in overruling his motion for a new trial.

The first question argued by appellant is based on the ruling of the court in refusing to submit the cause to a jury. This ruling was properly assigned as a cause for a new trial. *Ketcham* v. *Brazil Block Coal Co.* (1883), 88 Ind. 515; *Meloy* v. *Weathers* (1905), 35 Ind. App. 165. Appellee insists that this question is waived, for the reason that appellant's brief does not set out any part of the bill of exceptions from which the court can determine, without reference to the record, just what the bill of exceptions shows on this subject. In appellant's brief we find what purports to be a copy of the written request, and we are referred to the page and line of the record where the bill of exceptions may be found, making said request a part of the record. This statement in appellant's brief is not challenged by appellee. The question is before us for decision.

Section 418 Burns 1908, §409 R. S. 1881, provides that "issues of law and issues of facts in causes that, prior to the 18th day of June, 1852, were of exclusive equitable jurisdiction, shall be tried by the court. * * * In case of the joinder of causes of action or defenses which, prior to said date, were of exclusive equitable jurisdiction, with causes of action or defenses which, prior to said date, were designated as actions at law and triable by jury—the former shall be triable by the court, and the latter by a jury, unless waived," etc. In this case the request for a jury trial was not limited to either paragraph of the complaint, but applied to the complaint as a whole, or, in other words, to the issues triable in both paragraphs. Therefore, under a well-recognized rule of law, if either paragraph invoked the powers of a court of equity there was no error in denying the request. *Jennings* v. *Moon* (1893), 135 Ind. 168, 174; *Heberd* v. *Wines* (1886), 105 Ind. 237,

240; *Baum* v. *Thoms* (1898), 150 Ind. 378, 390, 65 Am. St. 368.

The first paragraph of the complaint presented an action at law, and was therefore triable by a jury. The second paragraph is based upon a certain stipulation in an oil and gas lease executed by appellant and George B. Marker on September 8, 1893, whereby appellee agreed, that if no well was completed within fifty days from the date of the lease "this grant shall become null and void," and to drill a second well within sixty days from completion of first well, third well ninety days from completion of second well, and fourth well ninety days from completion of third well. "If second, third and fourth wells are not completed within the time specified, a rental of $2 per day to be paid until such wells are completed. Said rental to be paid weekly in advance." The first and second wells were drilled, but the other two were not. The penalty, or rental as it is termed in the lease, for failure to drill the third and fourth wells as provided in the lease, was settled by appellee, and no claim is made for any penalty or rental prior to April 4, 1895. On July 16, 1894, appellant and said Marker, as owners of the real estate covered by said lease, by warranty deed conveyed said land to William R. Pace, in which deed the following provision is found: "This deed is taken subject to an oil lease given to said George W. Barnes dated September 8, 1893. Said John W. Watt reserves one-sixth of all oil produced on the above-described land for a term of eight years from this date." Appellant also alleges certain facts upon which he relies for a reformation of said provision in said deed, whereby he would be entitled to the daily penalty as stipulated in the lease for failure to drill all of the wells as therein provided, as also one-sixth of the oil for said period of eight years. To this paragraph of the complaint appellee answered in five paragraphs: (1) By general denial; (2) that appellant by his warranty deed had divested him-

self of all title to the real estate covered by the lease in suit; (3) that on April 4, 1895, the wells on said land had become exhausted, and that appellee had surrendered all of his interest in and to said real estate by virtue of said lease to said Pace, who was then the owner of the land; (4) former adjudication; (5) averring a surrender of the lease, in January, 1897, to the owner of the land. To these affirmative answers appellant replied by a general denial.

Appellant by this paragraph of complaint undertook to allege a state of facts entitling him to a reformation of the deed whereby all interests of the lessors under the lease, including all rights of action thereon, should remain and continue in appellant for a term of years. The relief prayed for was that the deed be reformed by incorporating therein certain language set out in the complaint, in effect giving appellant the right to maintain this suit. While the character of the suit cannot be determined solely by the prayer for relief, yet such prayer may be considered in connection with the substantive facts pleaded. *Krise* v. *Wilson* (1903), 31 Ind. App. 590; *Jennings* v. *Moon, supra.* Appellant insists that the ultimate purpose of the suit was a money judgment. While that is true, yet such judgment, under the facts pleaded in the second paragraph of the complaint, was made to depend upon a state of facts entitling appellant to a reformation of his deed to Pace, and, this being true, the authorities seem to hold that such a case is of equitable cognizance, and triable by the court without a jury. 24 Cyc. Law and Proc., 117.

Appellant under his first assignment of error argues that appellee is estopped to set up as a defense to this suit the fact of the conveyance of the real estate by appellant and Marker to William R. Pace, for the reason that that question was adjudicated in appellant's favor in a former action.

The special findings cover about sixteen printed pages of appellant's brief. Those material to the question for decision, in substance, are as follows: On September 8, 1893, appellant and George B. Marker were the owners as tenants in common of certain real estate in Wells county, Indiana, and on that day executed to appellee an oil and gas lease on the same. The lease, a copy of which is made a part of the findings, was a grant of all the oil and gas in and under said real estate, with the right to appellee to enter on said land and explore the same for oil and gas, the lessors reserving one-sixth of all oil produced and saved from said premises. The lease contains other provisions relative to the finding of gas, burying of pipes, payment for damages to growing crops and to the drilling of four wells, as heretofore set out in this opinion, etc. On July 16, 1894, appellant and Marker, their wives joining, sold said land and conveyed the same by warranty deed to William R. Pace, which deed was written by John T. Adams in the presence of the grantors, and was read aloud to and within the hearing of the grantors, and the grantors and grantee and each of them knew the provisions said deed contained and the provision therein in the language following: "This deed is taken subject to an oil lease given to George W. Barnes dated September 8, 1893. John W. Watt reserves the one-sixth of all oil produced on the above-described land for a term of eight years from this date." On April 4, 1895, appellant in the Wells Circuit Court commenced an action against appellee for the collection of rentals alleged to be due under the stipulation in the lease for failure to drill the second, third and fourth wells, as therein provided, alleging that he was the owner in his own right of said lease and all the rights and privileges, rents and profits, accruing thereunder, which lease was made a part of the complaint, and is the same lease upon which this suit is based. On September 12, 1895, appellee answered said complaint in two paragraphs: (1) By averring a sale and conveyance of the

land by appellant to William R. Pace, reserving to himself one-sixth of the oil produced from said premises; (2) a general denial. A demurrer to the first paragraph was sustained, with leave granted by the court to amend, but no amendment was ever made, and the cause was tried by the court upon the issues presented by the complaint and answer in denial. The finding and judgment was in favor of appellant in the sum of $752, and covered the claims of appellant up to April 4, 1895. Appellee fully paid and satisfied said judgment, but has paid no other sum on account of said stipulation to drill wells on said land.

The conclusions of law were that plaintiff take nothing by this suit, and that defendant have judgment for his costs.

Appellant has cited several cases holding that a judgment on demurrer, where the court has jurisdiction of the parties and of the subject-matter of the action, is an adjudication of all matters confessed by the demurrer in any subsequent litigation between the same parties, where the same question arises, except where the litigation is a direct proceeding to set aside such adjudication. The settled doctrine as announced by these cases is not applicable to the facts as found in the case at bar. For in this case the special findings show that no judgment was rendered on the ruling of the court in sustaining the demurrer to the answer filed in the former suit. The only judgment in that action was upon the issue presented by the complaint and the general denial. While this suit is between the same parties, and based upon the same stipulation in the same contract as in the former action, yet under the issues in this case another demand is presented upon a different state of facts as the basis of an independent cause of action. With these facts appearing, and the absence of a finding showing that the defense here interposed could have been set up as a defense in the previous action, or that the matters in issue or points controverted and actually determined by the first judgment

were identical with those now presented, the former judgment will not work an estoppel.

In *Kilander* v. *Hoover* (1887), 111 Ind. 10, it is said: "The judgment rendered in the first case is only conclusive as a plea, or as evidence, in a second or subsequent suit between the same parties, upon the same matter as was directly in question and determined in that case." *Cleveland* v. *Creviston* (1884), 93 Ind. 31, 47 Am. Rep. 367; *Felton* v. *Smith* (1882), 88 Ind. 149, 45 Am. Rep. 454.

In *Kitts* v. *Willson* (1894), 140 Ind. 604, 610, it is said: "But before the rule of former adjudication can be invoked it must appear that the thing demanded was the same; that the demand was founded upon the same cause of action; that it was between the same parties, and found for one of them against the other in the same quality. The party must not only be the same person, but he must also be suing in the same right." Citing authorities.

This court, in *Beidenkoff* v. *Brazee* (1902), 28 Ind. App. 646, 650, held that "it is only where the matter in issue has been either actually or presumptively determined that the judgment is a bar to another action."

The rule is that parties must recover upon the allegations of the pleadings, and it will be presumed that everything within the issues, or which might have been proved under them, was adjudicated. *Griffin* v. *Wallace* (1879), 66 Ind. 410. But where a party is relying upon a judgment working an estoppel, as appellant is here seeking to do, it is incumbent upon him to show the facts necessary to constitute the estoppel. *Bond* v. *Markstrum* (1894), 102 Mich. 11, 60 N. W. 282.

The court did not err in its conclusions of law.

Having disposed of all the questions argued by appellant, and finding no error, the judgment of the trial court is affirmed.