## HESS *v.* STOUT ET AL.

[No. 13,546. Filed April 22, 1930. Rehearing denied September 2, 1930.]

618

*Hawley O. Burke*, for appellant.

McMAHAN, J.—This is an action by Edgar A. Hess against Charles W. and Cora M. Stout, husband and wife, and Aaron J. Felthouse. The complaint is in two paragraphs. By the first paragraph, plaintiff seeks to set aside a deed by which he and his wife conveyed certain real estate to Charles W. Stout and which Stout later conveyed to Felthouse, it being alleged that the conveyance from plaintiff to Stout was procured by fraud and that Felthouse took and accepted the conveyance from Stout with knowledge of the fraud. The second paragraph alleges that plaintiff was the owner of the real estate, and asked that his title thereto be quieted.

Plaintiff's request for a trial by jury was overruled, after which there was a trial by the court which resulted in a judgment for the defendants. The only error assigned relates to the overruling of appellant's motion for a new trial, under which appellant contends the court erred (a) in overruling his request for a trial by jury, and (b) that the verdict is not sustained by sufficient evidence.

Section 372 of the Code, §437 Burns 1926, provides that "Issues of law and issues of fact in causes that prior to the 18th day of June, 1852, were of exclusive equitable jurisdiction shall be tried by the court," etc. The issues presented by the first paragraph of the complaint were not, under this section, triable by a jury as a matter of right. Appellant's request for a trial by jury was a general request and included the issues presented by both paragraphs of the complaint. It applied to the complaint as a whole, and, this being true, the court did not err in overruling the request. *Jennings*

v. *Moon* (1893), 135 Ind. 168, 34 N. E. 996; *Watt* v. *Barnes* (1908), 41 Ind. App. 466, 84 N. E. 158.

The salient facts, as disclosed by the evidence, are as follows: On March 26, 1927, and for some time prior thereto, appellant was the owner of the real estate in question—certain lots in the city of Elkhart; on November 10, 1926, Howard Ridenour and his wife, being the owners of certain other lots in the city of Elkhart, entered into a written contract with John Konneck and his wife, whereby the Ridenours agreed to exchange their said real estate for a farm of about 63 acres owned by Konneck in the State of Michigan, which land was valued at $9,000; Ridenours' equity in the Elkhart lots was valued at $2,647.77, there being at that time a balance of $2,352.23 due on a mortgage indebtedness which Konneck assumed and agreed to pay; Ridenours were to have five years' time in which to pay the balance due Konneck, the deferred payments to draw interest at a named rate; Ridenours took possession of the Michigan farm under this contract; on March 26, 1927, appellant and his wife entered into a written contract with the Ridenours whereby the former agreed to convey to the Ridenours the lots so owned by appellant, in consideration of Ridenours assigning the contract for the purchase of the Michigan land; appellee Charles W. Stout is in the real estate business and had been employed by Ridenours to negotiate a sale of their interest in said farm, and, as such agent, was instrumental in bringing about the said agreement between appellant and Ridenours; in accordance with this agreement, Ridenours assigned their contract of purchase to appellant, and, in accordance with an agreement between Ridenours and Stout, appellant and his wife made a deed conveying the lots so owned by them to Charles and Cora Stout; after the execution of this conveyance, Ridenours executed a note for $204, payable to appellant, that being the amount of interest then

owing by Ridenours on the contract of purchase which they assigned to appellant, and which $204 Ridenours had agreed to pay; after the assignment of the contract and the execution of the deed to the Stouts, appellant discovered that Ridenours had placed a mortgage on the wheat then growing on the Michigan farm and also on certain other personal property. In April, 1927, appellant took possession of the farm, sowed some oats and clover seed, and, in May, planted some potatoes thereon. At that time Ridenours were living in the house on the farm. Later, a controversy arose over certain payments which Ridenours, under the contract, were to make to Konneck, and while appellant was farming the land, he was given notice by Konneck to leave the farm because of Ridenours' failure to make such payments. There is no direct evidence that appellant surrendered the possession of the land to Konneck, or that the contract was forfeited by reason of a failure to make the payments to Konneck, but the inference is that such is the fact, and that appellant lost the value of his equity in the lots which he conveyed to the Stouts.

There is considerable evidence concerning the execution of a note for $1,700 by appellant to Stout which was secured by a mortgage on other real estate owned by appellant, the consideration for the giving of this note and mortgage not being very clear, but it may be inferred it had something to do with securing a release of a mortgage for $1,700 on property owned by appellant, including the lots conveyed to the Stouts. There is also considerable evidence relating to a transaction between Ridenours and one Bontrager concerning an exchange of real estate other than that mentioned in the complaint, and of the transfer of the real estate in controversy by the Stouts to appellee Felthouse. Appellant testified that the deed he made to the Stouts was to be held by them "in escrow" and was not to be delivered until

Ridenours fulfilled the contract when it was to be "retransferred" to Ridenours; that he told Stout not to put the deed on record; that he had a conversation with appellee Felthouse before the latter purchased the lots and told him he should be careful, as Ridenours had not fulfilled the contract, and that he, appellant, was dissatisfied, and that he would go into court and demand his property back if he was not satisfied. Felthouse testified that he tried to sell some vacant lots for appellant but could not do so; that all of the lots owned by appellant were included in a mortgage and the parties would not give a partial release; that appellant asked him to get him a new loan; this was before the transaction between appellant and Ridenours; that he had no talk with appellant about buying the lots from Stout; that appellant asked him about a transaction with Stout, and that he wanted to get a loan; that appellant left the note for $204 with him for collection; that Ridenours owed appellant $200 in addition to the $204; that appellant arranged for the Ridenours to come to his office and sign a note for $200, which they did; that he delivered the two notes to appellant in November, 1927; that appellant said the $200 was for a difference coming to him from Ridenours on some lots.

We have read the evidence with care, and, while it is confusing and to a certain extent conflicting, it is ample to sustain a finding in favor of appellees.

Judgment affirmed.