HADLEY *v.* MOORESVILLE BUILDING SAVINGS & LOAN ASSOCATION.

[No. 16,971.   Filed March 13, 1943.]

*Walter G. Todd* and *Charles K. McCormack,* both of Indianapolis, and *Charles McGaughey,* of Greencastle, for appellant.

*S. C. Kivett, Joseph L. Kivett,* and *S. C. Kivett, Jr.,* all of Indianapolis, for appellee.

FLANAGAN, P. J.—The sole question presented by this appeal is the correctness of the ruling of the trial court in sustaining appellee's demurrer to appellant's amended complaint in two paragraphs.

The first paragraph of complaint alleges that on November 29, 1932, appellee, in an action then pending in the Morgan Circuit Court wherein appellee was plaintiff and appellant was defendant, took judgment and decree of foreclosure against appellant on a note and mortgage executed by appellant to Mooresville State Bank and by it assigned to appellee; that a receiver was appointed in said action who took possession of the real estate covered by the mortgage and collected certain rents and profits for the benefit of appellee. It alleges that appellee never did own or have any right in and to the mortgage and note because appellee received them as a result of an *ultra vires* con-

tract; and that the question of *ultra vires* was not raised either in the pleadings or in any facts presented to obtain the decree of foreclosure.

The second paragraph alleges the same facts as the first except that it says that the note and mortgage were transferred and assigned to appellee from the Mooresville State Bank, a banking institution, at a time when it was insolvent and such transfer was in violation of statute. (§ 3866, Burns' R. S. 1926.)

In support of the action of the trial court appellee says, that the question of the ownership of the note and mortgage was one properly presentable to the Morgan Circuit Court in the foreclosure proceedings; that the judgment of the Morgan Circuit Court is therefore *res adjudicata* as to that question; and that this action is a collateral attack upon the judgment of that court.

It seems quite clear to us that the question of the ownership of the note and mortgage was before the Morgan Circuit Court in the foreclosure proceedings. If appellant had any defense arising out of any illegality in the assignment and transfer of the involved note and mortgage such defense should have been there presented. The judgment of the Morgan Circuit Court determined that appellee was the owner of the note and mortgage there sued on and appellant herein cannot attack that judgment collaterally. *Olds* v. *Hitzemann* (1942), 220 Ind. 300, 42 N. E. (2d) 35; *Castor* v. *Gary Lumber Company* (1942), 220 Ind. 260, 41 N. E. (2d) 945.

Appellant insists, however, that "the instant action is not a collateral attack upon a judgment or decree even though same may appear regular on its face for the reason that the amended complaint charges that the appellee secured an assignment of the note and mort-

gage in contravention of a statute, which is stronger than a charge of fraud or collusion."

Appellant overlooks the fact that the fraud which may be the basis of an attack upon a judgment without being a collateral attack is fraud in the *procurement* of the judgment. *Olds* v. *Hitzemann, supra.*

In the instant case the illegality which appellant charges is not in the *procurement of the judgment* but in the *procurement of the subject-matter of the action.* The case of *Mercantile Comm. Bank* v. *Southwestern, etc., Corp.* (1931), 93 Ind. App. 313, 169 N. E. 91, 171 N. E. 310, cited and relied upon by appellant is of no assistance to him. It involves collusion in the procurement of the judgment.

The demurrer was properly sustained.

Other propositions are presented by appellee in support of the trial court's action, but it is not necessary that we consider them.

Judgment affirmed.

NOTE.—Reported in 47 N. E. (2d) 156.