Nov. Term,
1859.

STANLEY
v.
PEEPLES.
13  232
134  77

STANLEY and Another *v.* PEEPLES and Others.

A demurrer to a complaint. for a new trial, stating that the complaint "does not contain and set forth sufficient facts to enable the plaintiffs to sustain said action," though not strictly formal, is substantially sufficient.

An application for a new trial may be made by complaint, where the cause for the application is discovered after the term at which the decision was rendered; but the cause thus discovered must have had an existence at the time of the decision.

To entitle a party to a new trial after the term, he must show sufficient matter to have entitled him to a new trial if applied for in term.

Error in the judgment upon the original complaint, is not a sufficient cause for a new trial after term. It is too general; it does not show wherein the errors consisted, nor that they were unknown to the party during term.

*Friday,*
*December 2.*

APPEAL from the *Marshall* Circuit Court.

DAVISON, J.—In *February*, 1853, *Hugh Peeples*, and his children, *Susannah, William, Samuel, George, Daniel,* and *John,* brought this action against the appellants, who were the defendants, to set aside the sale of a tract of land in *Marshall* county. The case made by the pleadings is as follows:

*Patsey Peeples,* the wife of *Hugh Peeples,* and mother of the above-named children, owned the land in contest. In *March,* 1850, *Hugh* started for *California,* intending to be absent two years; but he returned in one year and ten months. Soon after he started, *Patsey,* his wife, died, leaving the said children her heirs at law; and about three months thereafter, viz., in *June,* 1850, *Ira Stanley,* one of the defendants below, and one of the appellants, instituted a suit in chancery in the *Marshall* Circuit Court against *Hugh Peeples* and his children, which resulted in a recovery against him for 596 dollars, and a decree that for the payment thereof, the land in question be sold, &c. Upon that decree an order of sale was issued, by virtue of which the land was offered for sale, and *Stanley* purchased it for 400 dollars, entered a credit upon the decree for the purchase-money, and received a deed pursuant to the sale. After this, *Stanley* sold and conveyed the same land to one *William Curtis,* who took possession, &c. The plain-

tiffs aver that the proceedings which resulted in the above decree were fraudulent and void; that *Hugh Peeples* had no notice of the suit in which it was rendered; that the children were infants and no guardian was appointed, &c.; and that *Curtis*, when he purchased, had full notice, &c. And, further, it is averred that he, *Curtis*, bought the land for 500 dollars, but had not, at the commencement of the suit, paid the purchase-money. The relief prayed is, that the decree in chancery, and the sale under it, be vacated, &c., and that the plaintiffs' title be quieted, &c.

The issues were submitted to the Court, and final judgment rendered for the defendants.

Within one year after the rendition of this judgment, the plaintiffs filed a complaint for a new trial, wherein, after reciting substantially the above proceedings, they allege that the defense set up to their action was founded alone on said decree in chancery referred to in their complaint; that that decree, since the rendition of said judgment, was, by the Supreme Court, at its *May* term, 1855, reversed and set aside, and, should a new trial be granted to them, they would be able to sustain their original complaint against said defendants, and that they, the defendants, could make no defense. The plaintiffs further say, that the judgment of the Circuit Court was and is erroneous in law; wherefore they pray that it be set aside and a new trial granted, &c.

To this complaint for a new trial, the defendants demurred, and for cause of demurrer alleged that the same "does not contain and set forth sufficient facts to enable the plaintiffs to sustain said action;" but their demurrer was overruled.

Answers were then filed, which, on demurrer, were adjudged insufficient; and there was judgment in favor of the plaintiffs, granting them a new trial, &c.

Thereupon the plaintiffs filed a supplemental complaint, setting up the reversal of the decree in chancery by the Supreme Court, to which supplemental complaint there was a demurrer overruled, when the plaintiffs withdrew their replies to defendants' answers to the original com-

Nov. Term, 1859.

STANLEY
v.
PEEPLES.

plaint, and demurred to said answers, which demurrer was sustained, and final judgment, setting aside the sale of the land, &c., rendered, &c.

The error mainly relied on for the reversal of this judgment, relates to the action of the Court in overruling the demurrer to the complaint for a new trial. It is insisted, however, that that demurrer is defective in point of form, and for that reason could not be sustained. It says the complaint "does not contain and set forth sufficient facts to enable the plaintiffs to sustain said action." This is not, it is true, in the precise form pointed out in the act relative to pleadings, &c., nor is it essential that it should be. Section 50 of that act points out six causes of demurrer, and if either be substantially averred, the demurrer itself will be held unobjectionable. 2 R. S. p. 38.— *Lagow* v. *Neilson*, 10 Ind. R. 183.— *The State* v. *Leach, id.* 308. In this instance, the fifth statutory cause of demurrer, namely, "that the complaint does not state facts sufficient to constitute a cause of action," is, in our opinion, sufficiently alleged.

As we have seen, the complaint in question presents two causes for a new trial—

1. The reversal of the decree in chancery by the Supreme Court.

2. Error in the judgment in favor of the defendants upon the original complaint.

The code enumerates eight cases, in either of which a new trial may be granted, and provides, as a general rule, that "the application for a new trial must be made at the term the verdict or decision is rendered." There is, however, another provision which authorizes the party, where the causes for a new trial are discovered after the term, and within one year after final judgment, to make such application by filing his complaint, &c. 2 R. S. pp. 117, 119, §§ 352, 354, 356. Here, the application was made after the term at which the decision was rendered; and the only question to settle is, were the alleged causes sufficient to authorize the new trial? If they were not, then the proceedings subsequent to the demurrer are erroneous.

The first alleged cause, namely, the reversal of the decree in chancery, did not exist at the time of the trial and judgment upon the original complaint. Hence, it is insisted that upon that cause a new trial could not be properly granted. This position seems to be correct. An application for a new trial, under the statute, may, it is true, be made, where the cause for such application is discovered after the term at which the decision was rendered; still the cause thus discovered must have had an existence at the time of the decision. To entitle a party to a new trial after the term, he must show sufficient matter to have entitled him to a new trial if applied for in the term. Nor does it appear that, in this instance, a new trial was at all necessary to the protection of the plaintiffs' rights or the furtherance of justice; because the decree in chancery being reversed, the judgment upon their complaint was a nullity, and it was competent for them to prosecute a new action for restitution of the land.

The second ground upon which a new trial is sought, is also insufficient; because it is not sufficiently specific. It does not show wherein the errors in the judgment consisted; and, moreover, we must presume that such errors, if any exist, were known to the plaintiffs during the term at which the decision was rendered.

The judgment granting a new trial must be reversed.

*Per Curiam.*—The judgment is reversed with costs. Cause remanded, &c.

*C. H. Reeve*, for the appellants.