WHITE
v.
PERKINS.

Monday,
June 10.

---

WHITE, Administrator of PERKINS *v.* PERKINS.

The Court should not allow a second motion for a new trial for the same cause, or causes ; but there is no reason why the Court, in the exercise of a sound discretion, may not, at the same term, allow a second and even a

third motion, for causes which the party in the exercise of proper diligence had failed to discover until after his original motion was determined.

APPEAL from the *St. Joseph* Common Pleas.

DAVISON, J.—This was an action founded on a claim filed in the Court of Common Pleas, against the estate of *James L. Perkins*, deceased. *Ann M. Perkins* was the plaintiff below. The claim is stated thus:

The Estate of JAMES L. PERKINS, Dec'd,

To ANN M. PERKINS, Dr.,

To boarding, washing, and mending for him in his lifetime, from *March* 15, 1851, till *April* 6, 1856, being two hundred and sixty three weeks, at four dollars per week,  ·  -   -   -   -   $1,052.00

To making clothing for him, during said time, which was put in his store,   -   -   -   -     200.00

                                         $1,252.00

Credit for goods bought during said time,     283.49

                    Balance,   $968.51

Appended to the claim there is an affidavit by the plaintiff, alleging that it is just and true, and that said balance, $968$\frac{51}{100}$, is not subject to set-off, &c.

The record shows that *White*, the administrator, appeared and answered: 1. By a general denial. 2. That the decedent was the son of the plaintiff, and that the parties, son and mother, lived together as members of the same family, in the relation of mother and son, during the time specified in the claim, he providing the principal part of the necessaries for the family, without keeping any account whatever for the same. That he, the son, was in fact the head of the family, and as such head rendered more services, and paid out more in providing necessaries for said family, than the boarding, washing, mending, making and sewing furnished him by the plaintiff were worth. That plaintiff never kept any account whatever against the decedent, because the services were mutually rendered, as between parent and child, with the understanding that no charges were, or were to be, made by either of them. Reply in denial. The Court tried the cause, and found for the plaintiff $600. And thereupon the defendant moved for a new trial, on three grounds: 1. The damages are exces-

sive.  2. The finding is unsustained by the evidence.  3. The finding is contrary to law.  This motion the Court overruled, and judgment was rendered accordingly.

After this, at the same term, the defendant filed a supplemental or second motion for a new trial, alleging for cause, that since the rendition of said judgment he had discovered evidence material and pertinent to the issues in the case, which could not by reasonable diligence on his part have been discovered and produced at the trial, or at the hearing of the original motion for a new trial.  In support of the supplemental motion the defendant filed his own affidavit, and also the affidavits of four others, which, it seems to us, make a case of "newly discovered evidence within the requirements of the statute."  See 2 R. S., § 352, p. 117.  But the Court overruled the supplemental motion, on the alleged ground that it had no legal authority to hear and entertain a second motion for a new trial, at the same term of the Court.  The errors assigned relate to the action of the Court in overruling the first motion for a new trial, and also to the refusal to grant the supplemental motion.

The evidence given in the cause is set out in the record. We have examined it carefully, and are fully satisfied that the causes for the original motion are not well assigned.  But, in our judgment, the ground upon which the Court refused the second motion is untenable.  For the same cause or causes, it is evident that the Court should not, in the same case, allow a second motion for a new trial.  But the statute prescribes eight causes for such motion, all independent of each other, and we see no reason why the Court, acting under a sound discretion, may not at the same term allow a second and even a third motion, upon causes which the party, though he had used due diligence, had failed to discover until after his original motion was determined.  This construction is, in our opinion, within the purview of the statute, and is plainly consistent with a proper administration of justice.  It is especially so in reference to the case under discussion, because the new evidence having been discovered after the determination of the first motion and before the expiration of the term, the defendant would be without remedy if not allowed to

make a second motion during the term. 2 R. S., § 356, p. 119; *Stanley* v. *Peoples*, 13 Ind. 232. We think the Court should have granted the second or supplemental motion for a new trial, and having refused it, the judgment must be reversed.

*Per Curiam.* — The judgment is reversed, with costs. Cause remanded, &c.

*J. A. Liston* and *R. L. Farnsworth*, for the appellant.