### L. D. PUCKETT v. A. H. REED.

1. Judgment by District Court, November 18th, 1869. On the next day a motion for a new trial was made, and overruled. On the 26th of the same month another motion for a new trial was made and sustained, and the cause continued. In March, 1871, the court, of its own motion, set aside the order of the 26th of November, 1869, granting a new trial, and dismissed the cause. *Held* to be error. The District Court can reconsider or reverse its rulings during the term at which they were made, but not thereafter.

2. The District Court may entertain and allow a new trial after having previously, but at the same term, disallowed such a motion.
3. The discretion of District Courts in granting new trials will not be revised by this court.

APPEAL from Karnes. Tried below before the Hon. Daniel D. Claiborne.

The opinion of the court sufficiently states the facts of the case.

No brief for either party has reached the hands of the reporter.

OGDEN, J. This cause was tried in the District Court, November 18th, 1869, and a judgment rendered. On the 19th of the same month, a motion for a new trial was made and overruled; and on the 26th, another motion was made and sustained, and a new trial granted; and the cause was continued for several terms of the court, and both plaintiff and defendant took orders to amend their pleadings, and did so amend. But in March, 1871, it appears that the court, without any motion for that purpose, entered up an order and decree, declaring that the order of the court made on the 26th of November, 1869, granting a new trial, was without authority of law, and was null and void; and thereupon the court set said order aside and dismissed the cause from the docket. And from this last order this appeal is taken.

We think there is error in this judgment of the court which will require its reversal. It is believed this judgment was rendered upon the supposition that after overruling the first motion for a new trial, the court lost all jurisdiction or control over the matter, and could not therefore hear a new motion, or reconsider its former rulings during the same term. But we think this not in conformity with the rulings of this court.

In Wood v. Wheeler, 7 Texas, 16, this court said, " Until " the expiration of the term, the court had competent authority " to amend, reverse, or annul its judgments; as well upon ma-

" terial, as immaterial points; upon the merits, as well as for
" matters of form." It may be an objectionable practice to
hear or permit the filing of several motions looking to the same
object, and especially after the judgment of the court has been
rendered, at least in ordinary cases; but there can be no doubt
that the court may reconsider or reverse its rulings during the
term, but not thereafter. The rulings of the court on the 26th
of November, 1869, may have been a re-consideration of the
previous order refusing a new trial. It is a well-settled prin-
ciple that the discretion of the District Court in granting new
trials during term, will not be revised by this court. (Sweeney
v. Jarvis, 6 Texas, 39; Goss v. McLaren, 17 Texas, 117; and
Spencer v. Kennard, 12 Texas, 180.) And we do not think
the law confers any such revisory power on the District Court.
The judgment of the District Court, complained of in this
cause, is therefore reversed, and the case remanded for trial.

Reversed and remanded.