Opinion by
White, P. J.
§ 571. Appeal bond from justice’s to county couH; may be filed within ten days after motion for new trial overruled; cases overruled; case stated. Appellee recovered judgment against appellant in justice’s court, April 1, 1884. On April 5, 1884, appellant filed a motion for a new trial, which, on the same day, was overruled. On April 14, 1884, appellant filed an appeal bond with the justice, which was approved. In the county court, on motion of appellee, the appeal was dismissed, because the appeal bond had not been filed within the time prescribed by law. Held: The act of April 13, 1883 [Gen. Laws 18th Leg. p. 91], provides, in cases of appeals from justices’ to the county courts, that “the party appealing, his agent or attorney, shall, within ten days from the date of the judgment, file with the justice a bond,” etc. In Conally v. Gambrel, W. & W. Con. Rep. § 90, and Bach, Weiss & Co. v. Genachio, id. § 1310, it was held that the appeal bond should be filed within ten days from the date of the rendition of the judgment; that the justice was required to act upon a motion for new trial within ten days from the rendition of judgment, and that the appeal bond could be filed immediately after the motion for new trial had been overruled, and within ten days after the date of the judgment, and not afterwards. Again the question came before this court in Kyle v. Beeton, ante, % 49, and in Laird v. Freiberg, Klein & Co. ante, § 110, and after a more mature consideration, it was held that an appeal bond filed within ten days from *505 the date of the judgment overruling the motion for new trial, was within the time prescribed by law, though not within ten days from the date of the original judgment. This latter construction of the statute is, we think, more in consonance with the spirit and intention of the law and with reason than the former, and the two cases cited which are in conflict with this rule are overruled.
§ 57 2. Courts control their judgments during the term,. Until the adjournment of the term a court has full control over its judgments, and can, upon its own motion, set aside or reform the same, or grant a new trial, according to the justice of the case, upon the merits, as well as for matters of form. [Wood v. Wheeler, 7 Tex. 13; Puckett v. Reed, 37 Tex. 308; Bryorly v. Clark, 48 Tex. 345; Hooker v. Williamson, 60 Tex. 524.]
§ 573. Final judgment; what is the, in a case. The order granting or refusing the motion for a new trial must be made within ten days after the rendition of the judgment [R. S. art. 1622]; that is, the original judgment. This order refusing the motion for a new trial is in fact the final judgment in the case, for, up to that time, the judgment previously rendered is only quasi final, and may be set aside entirely. If no motion for a new trial be filed, and if the original judgment be not set aside by the court of its own motion, of course such judgment becomes final for all purposes ipso facto, upon the expiration of ten days from the date of its rendition. But “ the general rule recognized by the courts of the United States, and by the courts of most, if not all, the states, is, that no judgment or decree will be regarded as final, within the meaning of the statutes in reference to appeals, unless all the issues of law and of fact necessary to be determined were determined, and the case completely disposed of so far as the court had power to dispose of it.” 'Freeman on Judgments (3d ed.), § 34.] When the motion for new trial has been overruled, the quasi becomes a final judgment in fact, for there are no other issues remaining to be determined; and it is from *506 the date of this judgment making it final that the ten days within which the appeal bond must be filed is to be reckoned, because an appeal will only lie from a final judgment. [Kennedy v. Morrison, 31 Tex. 207.]
February 25, 1885.
Reversed and remanded.