Consumers Gas Trust Co. *v.* American Plate Glass Co.

## Consumers Gas Trust Company *v.* American Plate Glass Company et al.

[No. 19,730.   Filed November 24, 1903.   Rehearing denied March 31, 1904.]

Natural Gas.—*Rights of Lessee.—Railroad Right of Way.*—One who leases land for natural gas purposes is charged with notice of the rights of a railroad company occupying the premises as a right of way, and to the extent of a conflict between the terms of the lease and the rights of the railroad company the rights of the latter are paramount.   *p. 395.*

Adverse Possession.—*Easement of Railroad Right of Way.*—Where a railroad company enters upon and occupies land only as a railroad right of way, the title acquired by adverse possession is only an easement for the purposes of a right of way.   *pp. 395–397.*

Natural Gas.—*Rights of Lessee.— Railroad Right of Way.— Injunction.*—One holding a lease of land giving him the exclusive right to explore thereon for natural gas has such a proprietary interest in the land that he may enjoin a railroad company from sinking a well on a part of the land over which it has acquired an easement for a right of way.   *p. 397.*

Same.—*Transportation of Natural Gas.—Increase of Flow.*—The fact that a gas company was using a pumping station for the purpose of overcoming the friction incident to the flow of gas through many miles of pipe does not show a violation by the company of §7507 Burns 1901, where it is not shown that the gas pressure was increased, or that the pressure in the pipe exceeded 300 pounds to the square inch.   *p. 398.*

Injunction.—*To Prevent Construction of Pipe Line over Railroad Right of Way.*—The construction of a pipe line within the limits of a railroad right of way over lands leased for natural gas purposes will not be enjoined by the lessee, where the construction of the pipe line is almost completed, and about $5,000 expended thereon, since there *is* an adequate remedy at law.   *pp. 398, 399.*

From Superior Court of Madison County; *H. C. Ryan,* Judge.

Suit by Consumers Gas Trust Company against the American Plate Glass Company and another.   From a judgment for defendants, plaintiff appeals.   Transferred from Appellate Court, under §1337u Burns 1901.   *Affirmed.*

*W. H. H. Miller, J. B. Elam, J. W. Fesler, S. D. Miller, J. T. Dye* and *Carey Cowgill,* for appellant.

*S. N. Chambers, S. O. Pickens* and *C. W. Moores,* for appellees.

GILLETT, C. J.—This action was instituted by the Consumers Gas Trust Company to enjoin the American Plate Glass Company and the Cleveland, Cincinnati, Chicago & St. Louis Railway Company from drilling a natural gas well on, and laying a gas-main along, that part of a railroad right of way which extends through section six, township twenty-one, range eight, in Madison county, Indiana. The cause was put at issue, and after a trial the court rendered a finding and decree in favor of said gas company, restraining the defendants below from drilling such well, but the court denied the relief prayed relative to the laying of the gas-main. Each of the parties to the action filed a motion for a new trial, and has assigned error on appeal.

At the time of the institution of this action the gas company had a written lease, of date October 26, 1896, which purported to grant to it for an indefinite time the exclusive right to drill gas-wells and lay pipes for the transportation of gas in a certain 400-acre tract of land in said section, which land, as described, covered said right of way. The lease was executed by the persons who had the record title to the entire tract. When this suit was instituted the gas company had a number of producing wells on said land, without the limits of said right of way. The railroad was built by the Cincinnati, Wabash & Michigan Railway Company about 1871. The right of way through the tract of land mentioned was fenced by said company about the year 1877, and it has since maintained said fences. Its entry upon the land was made without color of title, and over the protest of the holders of the record title. The landowners have not sought to have their damages assessed. The company has occupied the land with a single track railroad and a line of telegraph poles since its entry. Its possession has been continued without inter-

ruption since that time, and such possession appears to have been hostile.   The Cleveland, Cincinnati, Chicago & St. Louis Railway Company has been using said railroad for a number of years, under an operating agreement with the Cincinnati, Wabash & Michigan Railway Company, and at the time this suit was instituted the American Plate Glass Company was engaged in drilling a gas-well on, and laying a line of gas-main along, the right of way through said section, under and by virtue of a lease with said operating company.   It appears from the evidence that such is the character of the particular gas field that the sinking of a well into the gas reservoir within two miles of a producing well will appreciably reduce the flow of such well, and that the injury to it would be still greater if the new well were in close proximity.

The lease of the gas company was sufficiently broad to vest in it the exclusive right to sink gas-wells in said 400-acre tract; but, as said Cincinnati, Wabash & Michigan Railway Company was in the possession of and using said right of way for railroad purposes at the time of the execution of said lease, it is evident that the gas company was charged with notice of whatever rights said railway company had; and it is also clear that, to the extent of a conflict between the terms of the gas company's lease and the right of said railway company, it must be held that the rights of the latter are paramount.

Assuming, without deciding, that the glass company was invested with whatever of right the Cincinnati, Wabash & Michigan Railway Company had, we proceed to consider whether the latter company had a fee, or only an easement in said right of way.

It is true that said railway company might have acquired the fee by grant, and that a title by adverse possession is as good as the best title known to the law, yet, unless all distinction in the law of adverse possession between the acquirement of the fee in land and the acquire-

ment of an easement therein is to be lost sight of, consideration must be given to the nature of the user. The soundness of a title is one thing, the extent of it is quite another. A prescriptive right, where there is no color of title, cannot be broader than the claim which the user evidences. *Brookville, etc., Co.* v. *Butler,* 91 Ind. 134; *Peoria, etc., R. Co.* v. *Attica, etc., R. Co.,* 154 Ind. 218; *Indianapolis Water Co.* v. *Kingan & Co.,* 155 Ind. 476. Ordinarily, at least, there is no user by a railroad company beyond a user for the purposes of a right of way. A corporation which is organized under the general railroad statute is authorized to condemn only an easement; if it enters without title and constructs its main line, the landowner cannot eject it, but is confined to the remedy given to procure an assessment of his damages. These considerations lead us to the conclusion that in such a case as this nothing more than an easement is acquired. See Elliott, Railroads, §402; 23 Am. & Eng. Ency. Law (2d ed.), 704.

In *Manufacturers Gas, etc., Co.* v. *Indiana Nat. Gas, etc., Co.,* 155 Ind. 461, 50 L. R. A. 768, recognition was given to the doctrine, as natural gas can be obtained only by the drilling of wells, that the surface proprietors have such a qualified property in the gas in the limited reservoir below that they may enjoin an act which is in its nature destructive of their interests in the common property; but we are not prepared to affirm that because of the right of a proprietor to draw gas from the common reservoir he could enjoin a third person from obtaining gas therefrom, for the mere reason that the latter did not have a right to drill the necessary well. For such a violation of law it appears that the wrongdoer's accountability is only to the proprietor who has a standing to complain of the trespass involved in the drilling of the well. It follows from this consideration that the plaintiff below can not enjoin the putting down of the well unless it further appears that

said plaintiff had a proprietary right in the land over which the right of way extends.

As before stated, in effect, the gas company, by virtue of its lease, had every right in the whole tract of land in respect to the drilling of oil-wells, except to the extent that the existence of the railroad easement prevented the enjoyment of such right. The possession of the company which owned the easement was so far exclusive that the gas company was not authorized to enter upon the right of way for the purpose of drilling a gas-well, but, in case the easement should be abandoned while the gas company's lease continues in force, such company would then have the right to drill gas-wells upon said strip of land. The gas company, as respects the right to drill for gas, stands in the position of an owner of the fee. The mere fact that such an owner may not enter and enjoy will not destroy his property rights in the servient tenement. *State* v. *Pottmeyer,* 33 Ind. 402, 5 Am. Rep. 224; *Julien* v. *Woodsmall,* 82 Ind. 568. In a case of this kind, where the gas company may draw off the gas in the common reservoir from a point without the right of way, it hardly seems to admit of debate that the proprietary interest of such company was about to be invaded by the drilling of the gas-well on the right of way. Under the evidence in the case, it must be inferred that one of the purposes of a gas company in leasing a large tract of land for gas purposes is that the flow of gas in such wells as it sinks thereon may not be diminished by the sinking of wells by third persons within the area covered by the lease. Under the facts above disclosed, we do not doubt the right of the gas company to an injunction restraining the drilling of wells upon that part of the right of way which extends across the tract leased by it. See *Indianapolis Nat. Gas. Co.* v. *Kibbey,* 135 Ind. 357; *Westmoreland, etc., Gas Co.* v. *DeWitt,* 130 Pa. St. 235, 18 Atl. 724, 5 L. R. A. 731.

The mere fact that the complaint disclosed that the gas company was using a pumping-station in the winter time, at a point some six miles from the land in question, for the purpose of overcoming the friction incident to the flow of gas through many miles of pipe, does not stamp such company as a lawbreaker. There is nothing to suggest that by means of such pumping-station the natural pressure of the gas at the wells was increased, or that the pressure in the pipe exceeded three hundred pounds per square inch. See *Richmond Nat. Gas Co.* v. *Enterprise Nat. Gas Co.*, 31 Ind. App. 222.

The question remains as to the propriety of the action of the lower court in refusing to enjoin the construction of a pipe-line by the glass company within the limits of said right of way. It appears that at the time this suit was commenced the glass company had about completed the laying of a line of eight-inch pipe along said right of way from its plant, which is some four miles south of the land in question, to the town of Summitville, which is situated about four miles north of said land. The line of pipe was at that time entirely connected, except at the point on said right of way where said glass company was boring said well. It further appears that said company had taken a number of gas leases about Summitville, and that it was its purpose to use said line in the transportation of gas from such field to its glass-works. The expenditure of said company on account of the putting in of said main at that time amounted to about $5,000.

We think that the action of the trial court in refusing to enjoin the completion of said pipe-line was correct. The damage to the gas company, since it could not use the right of way for the purpose of transporting its own gas, and since it was not the holder of the fee, was not considerable, and, so far as appears, could have been fully compensated by damages. The absence of any right upon the part of said company, aside from a rather dry and technical one,

Pittsburgh, etc., R. Co. *v.* Town of Wolcott.

for which damages would be an adequate salve, and the hardship which the granting of an injunction would impose on the glass company at that stage of its enterprise, made the case of such a character that the court below was fully justified in refusing to extend to the gas company the extraordinary remedy of injunction to prevent the completion of the gas-main. *Kincaid* v. *Indianapolis Nat. Gas Co.,* 124 Ind. 577, 8 L. R. A. 602, 19 Am. St. 113; *Whitlock* v. *Consumers Gas Trust Co.,* 127 Ind. 62.

We find no error in the record. Judgment affirmed.