THOMPSON, Appellant, v. THOMPSON, Respondent.

St. Louis Court of Appeals, January 24, 1905.

NEW TRIAL: Amended Motion. After the overruling of a motion for new trial, an amended motion filed within four days of the rendition of judgment and stating additional grounds for a new trial, may be properly sustained by the trial court.

Appeal from Howell Circuit Court.—*Hon. W. N. Evans*, Judge.

AFFIRMED AND REMANDED.

*Livingston & Burroughs* for appellant.

The action of the court in granting a new trial on the amended motion, after it had overruled the original, was not only erroneous but wholly void. Thompson on Trials, section 2727, and cases there cited. In any event, the matters passed upon in the original motion had become *res adjudicata*.

*Green & Clark* for respondent.

GOODE, J.—In this case a divorce was granted to the plaintiff and on the day of the decree the defendant filed a motion for a new trial, which was overruled.

Afterwards, but within four days of the decree, an amended motion for a new trial was filed containing grounds additional to those stated in the first one. On the hearing of this motion a new trial was granted, but without specifying in the order the reason why. The contention on the appeal is that when the first motion was overruled the court exhausted its power in the matter and the order for a new trial on the amended motion was void; also that the grounds for a new trial had been adjudicated by the ruling on the first motion. As to the latter point suffice to say that as some grounds stated in the amended motion were not stated in the first one, they could not have been adjudicated. For instance, the ground of newly-discovered evidence, which was supported by affidavits, was not in the original motion and presumably induced the court to alter its ruling. The essential facts are that the amended motion was filed within the time given by the statute and contained additional causes for a new trial and one that was not known to the mover before. We refer to the ground of newly-discovered evidence. We think it was within the competency of the court to grant a new trial on the amended motion. Indeed, it might have done so without any motion. Cases exist in which it was held a new trial could not be granted on an amended or supplemental motion; but in most instances, if not all, the second motion was filed after the lapse of the statutory period. Sometimes the new motion was identical with the first one as to grounds. Attending to the exact situation of this case, we find direct precedents holding that as there were fresh reasons presented in the second motion, and as it was filed within four days after judgment, the court was not concluded by its previous ruling. [Puckett v. Reed, 37 Texas 308; Bryorly v. Clark, 48 Texas, 345; White v. Perkins, 16 Ind. 358; Hughes v. M'Gee, 1 A. K. Marsh. (Ky.) 21.]

The order of the circuit court is affirmed and the cause remanded.

All concur.