SANTA CLAUS, INC. ET AL. *v.* SANTA CLAUS OF SANTA CLAUS, INC.

[No. 27,428.   Filed May 29, 1940.]

*William D. Hardy,* of Evansville; *Julian C. Ryer,* of Chicago, Illinois; and *Lutz, Johnson & Lutz,* of Indianapolis; (*Long & Kiltz,* of Evansville; and *John A. Posey,* of Rockport, of counsel) for appellants.

*Paul F. Mason,* of Rockport; *Lewis & Lewis,* of Vincennes; and *Patrick J. Fisher,* of Indianapolis, for appellee.

FANSLER, J.—The appellee was the plaintiff and the appellants were the defendants below. All of the parties, except the appellant Edward Overton, are Indiana corporations.

In the first paragraph of complaint it is alleged that the plaintiff was incorporated for the purpose of manufacturing and marketing toys and greeting cards, and to sell advertising service, and to engage in other activities incidental thereto; that its home office and place of business is at the Town of Santa Claus; that in carrying on its business the plaintiff leased certain tracts of real estate in and adjacent to the Town of Santa Claus; and that it leased from one George Reinke and wife certain real estate, approximately thirty-two acres in extent, for a term of twenty-five years. The lease provides that the lessee shall have the exclusive right during the term of the lease "to conduct on said real estate any and all business having any relation to the Santa Claus idea, such as manufacturing and selling of toys and each and every article, item or thing having any relation to, connection with, or spirit of Santa Claus in the latter's traditional and commercial relation to Christmas time." It is specified that these activities shall include the manufacture and sale of Christmas cards and Santa Claus advertising, and the mailing of advertising, etc. It is also provided that during the term of the lease the lessee shall have the exclusive right to erect buildings and structures on the land for the manufacture of goods, wares, and merchandise and for entertaining the public. There are other incidental matters covered by the lease. The con-

sideration for the lease is thirty shares of the capital stock of the plaintiff. It is alleged that after the execution of the lease, and with full knowledge thereof, the defendant, Edward Overton, procured the fee-simple title to the real estate involved from George Reinke and wife, and that thereafter the said Overton conveyed the property to the defendant, Santa Claus, Inc. It is alleged that, for the purpose of injuring the plaintiff in the carrying out of its business, the defendants are wrongfully erecting, and threatening to erect, buildings of various kinds on the leased premises, to be used in connection with the Santa Claus idea, and that the defendants are engaging in the business of selling toys on the leased premises, and otherwise violating the terms of the lease. It is alleged that the defendants have no property adequate to satisfy the plaintiff for its damage and loss occasioned, and to be occasioned, by the violation of the lease, and an injunction is prayed to protect the plaintiff's rights under the lease.

In the second paragraph of complaint it is alleged that the defendants have unlawfully kept the plaintiff out of possession of the real estate, to its damage in the sum of $5,000, and judgment for damages is prayed.

By a third paragraph of complaint it is alleged that the plaintiff is the owner of a leasehold interest in the real estate described; that the defendants are claiming and exerting interests and rights in and to the real estate adverse to and in conflict with the plaintiff's rights, and judgment quieting title is prayed.

To these three paragraphs of complaint the defendants answered by general denial. The defendant, Santa Claus, Inc., filed an affirmative paragraph of answer alleging that it was incorporated, under the laws of the State of Indiana, prior to the incorporation of the plaintiff, and that, because of the similarity in names, there

was no authority in the Secretary of State to issue a corporate charter to the plaintiff, and that the plaintiff has no corporate existence. It is alleged that August G. Mueller, Secretary of State, is a necessary party, and it is asked that he be brought in as a party to the action. A demurrer to this paragraph of answer was sustained, and this ruling is not assigned as error upon appeal, so that we are not concerned with the similarity in the names of the various parties, or with the question of the right of any of the parties to use those names, and the questions presented will be decided without any regard to the similarity in names.

The cause was submitted to the court for trial without a jury. The defendants seem to have asked orally for a jury trial. It is conceded that the issues under the first paragraph of complaint were not triable by a jury. Since the appellants' request for a jury trial was general, it applied to the complaint as a whole, and it was not error to overrule the motion. *Jenning et al.* v. *Moon et al.* (1893), 135 Ind. 168, 34 N. E. 996; *Hess* v. *Stout et al.* (1930), 91 Ind. App. 617, 171 N. E. 310.

After the original motion for a new trial had been ruled upon, and within the time allowed by statute for a motion for a new trial, the defendants were permitted by the court to file a supplemental motion for a new trial. It is unnecessary to go into the facts and circumstances surrounding this transaction, since it was within the discretion of the court to permit the filing of the supplemental motion. *White, Admr.,* v. *Perkins* (1861), 16 Ind. 358.

The only other questions presented involve the sufficiency of the evidence.

It is clear that the defendant, Santa Claus, Inc., is the owner of the fee to the real estate described. It

follows that there could be no judgment by the tenant quieting title against the owner of the fee. *Ragsdale et al.* v. *Mitchell* (1884), 97 Ind. 458; *Bisel* v. *Tucker* (1889), 121 Ind. 249, 23 N. E. 81. All that the plaintiff was asserting was certain limited rights to use the land in question as a tenant, and to have others excluded from using the land for specific purposes. Under such a state of facts the plaintiff was not in a position to maintain a statutory action to quiet title.

There was a finding and judgment upon the first paragraph of complaint, enjoining the appellants from conducting any business having relation to the Santa Claus idea, including the manufacturing or selling of toys, Christmas cards, or Christmas advertising, and from erecting, maintaining, or permitting any building or structures for such purposes, or which advertise the business of the defendants pertaining to Santa Claus. Under the lease the Reinkes granted the exclusive right to use the land for such purposes to the appellee. The evidence discloses that the appellant corporations were seeking to use the land for those purposes. It is contended that the lease is ambiguous, and that the appellee is not using the land, but merely reserving the right to use it. But we find no substance in these contentions. We know of no reason why a person or corporation may not acquire rights in land for future use. The real controversy between the parties seems to be involved in the efforts of each to capitalize the name of the village. But there is no issue here under which their right to use the name "Santa Claus" is presented. In the record before us it is as though corporation A had leased ground for the purpose of manufacturing toys and Christmas merchandise, and corporation B, which was

engaged in the same business, had purchased the fee to the land. There is some evidence that the appellee had leases on other land, but no reason is suggested why it was not within its rights in procuring these leases.

Under the first paragraph of complaint there is also a judgment against appellants for $5,000. The appellants assert, and it is not disputed by appellee, that the only evidence which forms a basis for damages is the testimony of the manager of the appellee corporation, in which he gave his opinion and estimate of the profits that the plaintiff would have made from the operation of a building which it proposed to erect on the land. This evidence was objected to, and it must be concluded that it is too speculative to form a legal basis for an award of damages. The case of *Montgomery County Union Agricultural Society* v. *Harwood et al.* (1891), 126 Ind. 440, 26 N. E. 182, presented a state of facts very similar to the one before us. The plaintiffs had rented a small piece of ground for a candy stand during a fair, and it was part of the agreement that there was to be no ground rented for competing stands within designated limits. This agreement was violated by the defendant, who allowed competing stands within the limits. It was held that the plaintiffs were not entitled to recover speculative damages based upon the profits that would have been realized upon goods which they did not sell in consequence of the opposition or rival sellers being permitted to occupy the ground in violation of the contract. It was also held that the true measure of damages would be the difference in the rental of the ground unoccupied by competing stands within the designated limits according to the contract, and the rental with competing stands occupying the land. There was no effort here to estab-

lish that there was a decreased rental value because of the violation of the contract. There is no substantial evidence which could properly form the basis for the fixing of damages under this paragraph of complaint, and to that extent the decision is not sustained by the evidence.

Upon the second paragraph of complaint the appellee was given judgment for possession of the real estate and $100 damages for the unlawful detention thereof. The judgment under this paragraph contemplates that the appellee shall have the right to possession for the purposes indicated in the lease. Under the terms of the lease the owner of the fee is entitled to possession for all other purposes. Under the evidence there can be no question that the defendants were denying the plaintiff's right to possession, and seeking to withhold possession. There is no proper evidence of actual damages, but the plaintiff is entitled to nominal damages, and the $100 damages allowed must be considered nominal under the circumstances, so that there is no error in this part of the judgment and decree.

The judgment enjoining interference with the plaintiff's privileges under the lease and the judgment giving it possession of the real estate clearly protect its rights as lessee, and it is obvious that the judgment attempting to quiet title serves no purpose and is of no benefit to appellee.

It is also contended that the evidence does not justify a judgment against Edward Overton. Mr. Overton is a director and officer of the defendant corporations. The evidence and the justifiable inferences are sufficient to sustain the conclusion that he and the defendant corporations were cooperating in a

trespass upon the rights of the plaintiff under its lease, and therefore to sustain a judgment against all of them.

Since the injury to the plaintiff's rights, by the use of the property for purposes for which it had the exclusive right to use it, cannot be measured in damages, injunction is the proper remedy. *Indianapolis Natural Gas Co.* v. *Kibbey, Trustee* (1893), 135 Ind. 357, 35 N. E. 392; *Consumers Gas Trust Co.* v. *American Plate Glass Co. et al.* (1904), 162 Ind. 393, 68 N. E. 1020.

Judgment reversed, with instructions to modify the judgment by striking out that part quieting title upon the third paragraph of complaint, and that part which gives damages to the plaintiff upon the first paragraph of complaint, and that the judgment in other respects be made final.

NOTE.—Reported in 27 N. E. (2d) 354.