STATE OF INDIANA *v*. ROBERT E. STEINMETZ AND SANDRA SUE STEINMETZ.

[No. 670S132. Filed August 25, 1971.]

*Theodore L. Sendak,* Attorney General, *Mark Peden,* Deputy Attorney General, for appellant.

*Ted B. Lewis, Stewart, Irwin, Gillion, Fuller & Meyer,* of Indianapolis, for appellees.

PRENTICE, J.—This cause is before us on the appellee's motion to dismiss. The case was at issue on December 18, 1969, at which time the trial court entered an order, without affording Plaintiff (Appellant) an opportunity to be heard, directing that "* * * All proceedings leading up to the trial, the trial, and all subsequent proceedings in relation thereto shall proceed and be governed by the former rules of civil procedure." The order was made pursuant to trial rule 84 of the Indiana Rules of Procedure, which did not become effective until January 1, 1970.

The trial was held, and on February 6, 1970, a verdict assessing Defendants (Appellees) damages was returned. On March 6, 1970, Plaintiff filed its "Motion to Correct Errors", which motion was overruled on March 30, 1970. The grounds claimed in the motion filed March 6, 1970, are not urged on appeal and therefore need not be considered. On April 2, 1970, Plaintiff filed a document entitled "Additional Errors in Support of Plaintiff's Motion to Correct Errors Heretofore Filed in this Case." On April 8, 1970, the defendant moved to strike the so-called "Additional Errors, etc.;" which motion the court sustained, and the document was stricken from the record.

The errors specified in the stricken document are the ones the plaintiff seeks to have reviewed by the pending appeal. Defendant's motion to dismiss is predicated upon three grounds: (1) The former rules of civil procedure applied and allowed only thirty (30) days for the filing of a motion for a new trial. Considering the motion entitled "Additional Errors, etc." as

a motion for a new trial, it, nevertheless, was not filed within the allowed time. (2) If the plaintiff believed the 1970 Rules of Procedure applied and that the trial court's order of December 18, 1969, was in error, then Plaintiff was required to assign the same as a claimed error pursuant to trial rule 59(G), and having failed to do so, the question was waived. (3) If the 1970 Rules of Procedure applied, there is, nevertheless, no provision for the filing of so-called "Additional Errors in Support of Plaintiff's Motion to Correct Errors," and, therefore, such "Additional Errors, etc." are not before the court.

Plaintiff, by its reply brief addressed to the pending motion, acknowledges that no error is claimed upon the overruling of the motion to correct errors filed March 6, 1970. Further it maintains that the December 18, 1969 order was a nullity, in that the rule under which it was purported to have been made was not yet in effect; and that the 1970 Rules of Procedure therefore applied, allowing sixty (60) days for the filing of a motion to correct errors, which it considers the document entitled "Additional Errors, etc." to be. As to Defendants' proposition number (2) above, Plaintiff contends that there was no harm resulting from the court's allegedly erroneous ruling until it struck the "Additional Errors, etc.," by which time it was too late for Plaintiff to claim error in a motion to correct errors, because the allowed 60 day period had elapsed. With reference to Defendants' proposition numbered (3) Plaintiff declares that it had a right to file the "Additional Errors, etc.," as a second motion to correct errors, and that it was an abuse of discretion on the part of the trial court to strike it.

It is not necessary for us to determine which set of procedural rules applied, for under either, the plaintiff must fail. Assuming the earlier rules to be applicable, the motion in question was not timely filed, and there would be no question presented to this Court. If the 1970 rules were in effect, as contended by Plaintiff, the plaintiff's motion, denominated

"Additional Errors, etc." was, in fact, a second motion to correct errors. The grounds specified in the second motion were such as could and should have been specified in the first motion, which was filed March 6, 1970, and overruled on March 30, 1970.

The applicable rule, of course, relates to motions for a new trial, but should certainly be adopted with reference to motions to correct error. The rule is that parties filing a motion for a new trial for errors occurring on the trial, must include all the grounds in one motion; they cannot separate them and file a separate motion for each cause assigned, and we do not consider the error assigned on the overruling of the second motion for a new trial. *Moon et al.* v. *Jennings* (1889), 119 Ind. 130, 20 N. E. 748.

In support of its claim that it had a right to file a second motion to correct errors, and that it was an abuse of discretion on the part of the trial court to strike the same, Plaintiff cites the case of *Santa Claus, Inc.* v. *Santa Claus of Santa Claus, Inc.* (1940), 217 Ind. 251, 27 N. E. 2d 354, wherein a supplemental motion for a new trial was permitted. We do not consider this case to be authority for Plaintiff's proposition, inasmuch as the facts and circumstances surrounding the motion and ruling are not reported. It does appear that the court in that case applied the rule of *White, Administrator of Perkins* v. *Perkins* (1861), 16 Ind. 358, wherein this Court held:

> "The evidence given in the cause is set out in the record. We have examined it carefully, and are fully satisfied that the causes for the original motion are not well assigned. But, in our judgment, the ground upon which the Court refused the second motion is untenable. For the same cause or causes, it is evident that the Court should not, in the same case, allow a second motion for a new trial. But the statute prescribed eight causes for such motion, all independent of each other, and we see no reason why the Court, acting under a sound discretion, may not at the same term allow a second and even a third motion, upon causes which the party, though he had used due diligence, had failed to dis-

64

cover until after his original motion was determined. This construction is, in our opinion, within the purview of the statute, and is plainly consistent with a proper administration of justice. It is especially so in reference to the case under discussion, because the new evidence having been discovered after the determination of the first motion and before the expiration of the term, the defendant would be without remedy if not allowed to make a second motion during the term." 16 Ind. at 360-61.

In this case, the errors asserted by Plaintiff in its "Additional Errors, etc." all occurred during the trial and were, therefore, in existence at the time of Plaintiff's filing of its "Motion to Correct Errors." Such errors were required to have been included in the original motion. To hold otherwise would be to misconstrue trial rule 59 (G) and permit the filing of multitudinous motions to correct errors and innumerable appeals following the ruling upon each motion. This is not the intent or spirit of the rule.

There being nothing properly before this Court for review, this appeal is dismissed.

Arterburn, C.J., Givan, DeBruler and Hunter, JJ., concur.

NOTE.—Reported in 272 N. E. 2d 320.