No. 36,410

THE GEIMAN-HERTHEL FURNITURE COMPANY, FRANKLIN L. HERTHEL, VELMA HERTHEL, FRANKLIN L. HERTHEL, Executor of the Last Will and Testament of Addie B. Herthel, Deceased, *Appellants*, v. A. I. GEIMAN and HELEN GEIMAN, *Appellees*.

(161 P. 2d 518)

Opinion filed August 4, 1945.

*Roy C. Davis, Warren H. White, Frank S. Hodge, William H. Vernon, Jr.* and *Eugene A. White,* all of Hutchinson, *William Osmond, T. B. Kelley* and *Fred Conner,* all of Great Bend, were on the briefs for the appellants.

*R. C. Russell, John Henry Lewis, Isabel Obee,* all of Great Bend, and *Oscar Ostrum,* of Russell, were on the briefs for the appellees.

The opinion of the court was delivered by

WEDELL, J.: This is an independent action but is related to the case of *Geiman-Herthel Furniture Co. v. Geiman,* No. 36,274, *ante,* p. 346, this day decided. It is between the same parties and was filed in the same district court as the previous case. It was a petition for a new trial in the above mentioned original case. It was filed over four months after final judgment was rendered in the original

case and approximately four months after appellants had perfected an appeal from the judgment in the original action. The district court denied the petition and plaintiffs appeal.

The petition for a new trial sought a reversal of the judgment in the former case and liquidation of the corporation. The petition was based on the provisions of G. S. 1935, 60-3005, which reads:

"Where the grounds for a new trial could not with reasonable diligence have been discovered before but are discovered after the term at which the verdict, report of referee or decision was rendered or made, and more than three days after said verdict, report or decision was rendered or made, the application may be made by petition, filed as in other cases, not later than the second term after discovery; on which a summons shall issue, be returnable and served, or publication made, as prescribed in section 78 [60-2525]. The facts stated in the petition shall be considered as denied without answer, and if the service shall be complete in vacation the case shall be heard and summarily decided at the ensuing term, and if in term, it shall be heard and decided after the expiration of twenty days from such service. The case shall be placed on the trial docket, and the witnesses shall be examined in open court, or their depositions taken as in other cases; but no such petition shall be filed more than one year after the final judgment was rendered."

Appellees filed a motion to strike the petition from the files on the grounds (1) the petition failed to state a cause of action; (2) the petition affirmatively disclosed all facts alleged therein occurred after the trial of the former case; (3) appellants had perfected an appeal to the supreme court in the former case and the district court was without jurisdiction in the premises; (4) the new action was not brought in good faith but for the purpose of harassing, annoying and libeling the defendants; and (5) the corporation had not authorized the new action and it was unlawfully brought insofar as the corporation was concerned.

The trial court did not strike the petition but ruled that if all facts alleged therein were true they did not justify the granting of the relief sought.

The petition affirmatively disclosed all facts alleged therein had occurred subsequent to the trial of the original case. In order to obtain a new trial under the provisions of G. S. 1935, 60-3005 it was necessary the newly discovered facts should have had an existence at the time of the decision in the original action. (*Stanley v. Peoples,* 13 Ind. 232.) Appellants had appealed from the judgment in the original case and manifestly our review of that judgment could not be affected by subsequent facts which formed no part of the record in the original case.

In the instant case we need not determine whether the trial court would have been justified in treating the petition for a new trial as an independent action and in appointing a receiver on the basis of the evidence adduced in the former action and to be adduced in support of the petition for a new trial. We have already directed the appointment of a receiver on the basis of evidence contained in the former case.

The facts pleaded in the petition for a new trial having occurred after the judgment in the former case the petition was properly overruled.

The judgment is affirmed.