No. 36,606

The Geiman-Herthel Furniture Company et al. v. A. I. Geiman et al.

Franklin L. Herthel et al., *Appellees* and *Cross-appellants*, v. A. I. Geiman, *Appellant*, and F. B. Slade, Receiver, *Appellee.*

Oscar Ostrum, R. C. Russell, John Henry Lewis, and Isabel Obee, *Appellants*, v. F. B. Slade, Receiver, *Appellee*, and Franklin L. Herthel et al., *Appellees.*

(174 P. 2d 117)

Opinion filed November 9, 1946.

*R. C. Russell,* of Great Bend, argued the cause, and *Oscar Ostrum,* of Russell, *John Henry Lewis* and *Isabel Obee,* both of Great Bend, were with him on the briefs for appellant A. I. Geiman.

*Philip E. Buzick,* of Topeka, argued the cause, and *Clayton E. Kline, M. F. Cosgrove, Balfour S. Jeffrey* and *Robert E. Russell,* all of Topeka, were with him on the briefs for appellants Oscar Ostrum, R. C. Russell, John Henry Lewis and Isabel Obee.

*Roy C. Davis,* of Hutchinson, argued the cause, and *Frank S. Hodge, William H. Vernon, Eugene A. White,* all of Hutchinson, *William Osmond, T. B. Kelley* and *Fred Conner,* all of Great Bend, were with him on the briefs for the appellees and cross-appellants.

The opinion of the court was delivered by

PARKER, J.: This appeal is the anticlimax of a controversy considered and determined by this court in *Geiman-Herthel Furniture Co. v. Geiman,* 160 Kan. 346, 161 P. 2d 504. Numbered and docketed as a single case and an independent action it really involves two different judgments pertaining to matters disposed of by the court below after the original case had been remanded back to it

with directions to appoint a receiver and liquidate the corporation in the event contending stockholders failed to agree upon a settlement within sixty days from the date of our decree. As filed and presented the first phase of the present proceeding requires disposition of an appeal by A. I. Geiman from a judgment allowing part of a claim made by the Herthels against him and a cross-appeal from a refusal to allow such claim in its entirety while the second necessitates consideration of an appeal by attorneys from a judgment refusing to allow them a fee for services claimed to have been rendered the corporation.

To fully comprehend the issues here involved, although dependent upon facts arising subsequent to its rendition, it is, of course, advisable that readers of this opinion understand the facts, events, circumstances and conditions responsible for and resulting in our decision in *Geiman-Herthel Furniture Co. v. Geiman*, supra. They are clearly and succinctly set forth in the opinion in that case. We shall make no attempt to repeat them in detail since by reference they can be found there when required for elucidatory purposes.

By way of explanation it should, however, be here stated the original action was commenced by three of the corporation's stockholders in the district court of Barton county, in their names as individuals and in the name of the Geiman-Herthel Furniture Company, a corporation, without authority of its directors, for the purpose of having it judicially declared such stockholders, hereinafter in the interest of brevity referred to as the Herthels, had voting control of the corporation or in the alternative to obtain the appointment of a receiver and to liquidate the corporation. In June, 1944, the district court found the Herthels did not have voting control and refused to appoint a receiver on the ground the corporation was solvent, making money and in no danger of insolvency. Upon appeal this court on August 4, 1945, affirmed the trial court's judgment with respect to the Herthels' voting rights but directed the appointment of a receiver for the corporation because dissention among the stockholders was defeating its corporate objects. Thereafter a receiver was appointed. The record fails to disclose the exact date of the appointment but we are told, and the statement is not denied, it was made at the expiration of sixty days from the date of the announcement of our decision.

Thus it appears at the outset in our consideration of the rights of the parties, the very purpose of the litigation responsible for

the present action was to rule or destroy the corporation. Also, that from its commencement until on or about October 3, 1945, the direction and supervision of the corporation's business was not taken from it by the courts but left to the control of its directors who, under the statute (G. S. 1945 Supp., 17-3101), had the general management of its affairs.

Shortly after the receiver was appointed the court directed him to advertise that all claims against the receivership be filed in court on or before October 23, 1945. So far as pertinent here three were so filed.

One claim was by the Herthels in the form of a petition wherein they alleged: (1) That on November 10, 1944, Geiman caused to be paid from the assets of the corporation the sum of $750 to Oscar Ostrum, his attorney of record, and $750 to R. C. Russell, also his attorney of record, which payments were for services rendered to Geiman personally and were not proper charges against the corporation; (2) that notwithstanding the trial court had fixed Geiman's salary at $150 per month (see finding No. 5, 160 Kan. 346, 359, 161 P. 2d 504), he had paid himself salary in excess of that amount from November, 1944, to October 22, 1945, amounting to $1,240 from funds of the corporation; (3) that Geiman had taken certain items of personal property belonging to the corporation without accounting to the corporation for its value. The prayer of the petition was that Geiman be charged with $1,500 for the attorney fees, the $1,240 excess in salary, the reasonable value of the personal property and that such amounts be deducted from his share of the corporate assets. On consideration of this petition item 1 was allowed and items 2 and 3 were denied.

The second claim was by Geiman who sought to charge the corporation with 24 months' garage rental at $5 per month and storage on an elevator at $2 per month for a period of 24 months, amounting to the total sum of $168. Both of its items were allowed.

The two claims to which we have just referred are involved in the first phase of this proceeding. Geiman appeals from rulings adverse to him and the Herthels from those against them.

The third claim is involved in the second phase of this appeal. It was filed by Russell, Lewis and Obee, attorneys of Great Bend, and Oscar Ostrum, an attorney of Russell, and reads:

"To fees for legal services rendered in the following cases, to wit: No.

15338, 15808 and 15936, together with long distance calls, trips from Russell to Great Bend, Kansas and from Hoisington, Kansas to Great Bend; conferences in connection with the operation of the business of the corporation; and the defense of said suits, $2,500.00."

It was denied by the trial court on the uncontradicted evidence adduced by the claimants upon the ground the services rendered by the attorneys were for Geiman as an individual and not for the corporation.

Having outlined proceedings and judgments in the court below we turn to the record on which such judgments depend, but as we do so, pause to state that from this point throughout the remainder of this opinion we shall, in an effort to avoid confusion, refer to the first phase of this proceeding as the Geiman appeal and the second as the Ostrum appeal.

Certain matters pertain to and affect the judgment in each appeal. They are: (1) The case filed by the Herthels in the district court of Barton county and resulting in our decision in *Geiman-Herthel Furniture Co. v. Geiman,* supra; (2) the filing by the same persons, in their name and in the name of the corporation without authority of its managing officers, of an independent action in the district court of Barton county for the purpose of obtaining reversal of the judgment in the case last mentioned and liquidation of the corporation, which case was lost by them in the lower court and on appeal (see *Herthel v. Geiman,* 160 Kan. 368, 161 P. 2d 518); (3) prosecution and loss by the Herthels of a third suit, in the same district court in their names and also in the name of the corporation without consent of the corporate officers, against the depository bank of the corporation to compel it to pay off their preferred stock in the amount of $6,000 out of the corporation's funds under illegal action taken by the corporation at a. meeting on February 16, 1943 (see *Geiman-Herthel Furniture Co. v. Geiman,* supra, 352, 353); (4) the fact that soon after June 29, 1944, the date on which the district court handed down its decision, and prior to October 30, 1944, the corporation elected new directors consisting of Geiman, Mrs. Geiman, John Henry Lewis, Franklin Herthel and Mrs. Franklin Herthel; (5) the additional fact that under management of such directors between the date of their election and the appointment of the receiver, the corporation accumulated an additional surplus of $6,000.

Portions of the record are pertinent only to disposition of the Geiman appeal and will be briefly noted.

With respect to item 1 of Herthel's petition, heretofore referred to as the first claim, the evidence consists of testimony on the part of three witnesses which can be summarized as follows: (1) Geiman stated that as general manager of the corporation he had employed the attorneys therein named and in November, 1944, after the appeal had been taken to the supreme court had paid them pursuant to a resolution by the board of directors the $1,500 therein described out of the corporate assets; (2) Ostrum stated that he and the Russell firm had been employed under a definite agreement to perform services for the corporation in suits pending against it and in November, 1944, such attorneys were paid $1,500 on account in three cases, which amount did not include any part of the fee due them for services rendered Geiman personally in such actions; (3) Herthel testified that "during the past several years the Geiman-Herthel Furniture Company had not been engaged in any litigation, other than such as the corporation may be said to be engaged in this litigation that is involved here, and neither Mr. Ostrum nor Mr. Russell nor any other attorneys have performed any services for or on behalf of the corporation, except as it may be said that services were performed for the corporation in the defense of this suit and the two suits that were incident to this suit, and such attorneys have done nothing for the corporation so far as I know in the way of legal services."

It consists also of minutes of a directors' meeting held on November 6, 1944, wherein such directors recognized the litigation as instituted involved the substantive right of the corporation to continue its existence, accepted the services rendered by the attorneys pursuant to their employment by Geiman on the basis the corporation had received benefits therefrom, ratified their employment by Geiman, and directed its officers to pay them for such services by issuance of checks drawn on the corporate account.

Applicable to item 2 there is testimony Geiman had been employed, after rendition of the decision in district court, by the board of directors at a salary of $225 part of the time and $300 per month thereafter. The only evidence in refutation of such testimony is a statement by Herthel that none of the Herthels had ever consented that Geiman's salary be increased above $150 per month.

Regarding item 3 the evidence is in hopeless conflict, Geiman testifying one way and Herthel the other.

As to the second claim (Geiman's) the Herthels allege and Gei-

man does not deny the storage charges claimed for both the truck and the elevator had been made, and were passed upon by the court, in finding 10, *Geiman-Herthel Furniture Co. v. Geiman,* supra. Moreover, Geiman himself admits the claim involves the same truck and storage charges on the same elevator for the identical period of time covered by such finding.

The record so far as it relates to the Ostrum appeal depends solely upon evidence offered by the claimants. It consists of: (1) Minutes of a directors' meeting held on February 9, 1945, which in part read:

"The following motion was made, seconded and unanimously carried:

"Moved, that the General Manager be directed to continue to employ as legal counsel the firm of Russell, Lewis & Obee of Great Bend, Kansas and Oscar Ostrum of Russell, Kansas, and that the officers of the corporation be and they are hereby directed to pay said firms for legal services rendered upon presentation of their statements of account therefor."

(2) Testimony by Geiman in substance that as managing officer of the corporation, and pursuant to authority given by the board of directors, he agreed to pay the claimant attorneys a balance 'of $2,500 for their legal services in taking care of the corporation in the three cases brought by Herthels, and (3) testimony by Ostrum to the effect the claimant attorneys had been in the employ of the furniture company in all suits pending and that after payment of the $1,500 on account was received in November, 1944, a contract was made with Geiman for additional fees in the sum of $2,500 as compensation to be paid for continued services in those actions; that such fee was fair and reasonable, had not been paid, and that no part of it represented a charge for representation of Geiman personally.

The pleadings, the evidence and the argument make it perfectly plain the all-important issue presented for appellate review is the propriety of the trial court's ruling with respect to payment and allowance of attorney fees. On that account we first direct our attention to such question as involved in each appeal.

In support of the judgment appellees quote at length from the opinion in *Geiman-Herthel Furniture Co. v. Geiman,* supra, and argue that statements to be found there are decisive of the question now presented. We do not so interpret them. In that case after determination of questions relating to voting rights of stockholders we were dealing with the subject of whether on account of internal dissention a receiver should be appointed. What was said in the

opinion had reference to a decision of those matters and nothing to be found therein is to be construed as prejudging the right of the corporation to either employ counsel to resist an attempt to throw it into receivership and destroy its corporate entity or, after that attempt was made, to manage its own affairs up to the time a receiver was appointed.

So that the present issue may be clarified and made as simple as possible it should be stated at the outset its solution does not depend on how the litigation responsible for its being here was instituted, who were named parties plaintiff and defendant therein or whether in its inception its cause was a contest between individuals as to their corporate voting rights, but upon the proposition of whether under all the facts and circumstances of such litigation the corporation had a right to defend its interests and employ and pay counsel for that purpose.

What has just been stated, since it is conceded the Geiman-Herthel Furniture Company on all dates in question was a duly organized and existing corporation, requires an examination of the general corporation code of this state for as long as it continued in that status without legal restraint it possessed certain rights, powers, and privileges.

G. S. 1945 Supp., 17-3001, in part reads:

"Every corporation created under the provisions of this act shall have the power and capacity possessed by natural persons to perform all acts within or without this state. Subject to any limitations or restrictions which may be imposed thereon by the articles of incorporation, every private corporation shall have power and authority:

.   .   .   .   .   .   .   .   .   .   .   .   .   .   .

"B. To sue and be sued, complain and defend in any judicial proceedings, and to contract and be contracted with.

.   .   .   .   .   .   .   .   .   .   .   .   .   .   .

"F. To appoint such officers and agents as the business of the corporation shall require and to allow them suitable compensation."

The powers conferred upon a corporation by the preceding section are exercised by and through a board of directors (G. S. 1945 Supp. 17-3101).

What were the prevailing facts and circumstances so far as this corporation was concerned at the time it paid the $1,500 attorney fee and agreed to pay $2,500 thereafter? One suit had been filed by Herthels to give them control of its affairs or in the alternative to end its existence. Failing to achieve their purpose in that suit

the Herthels had instituted and there was then pending in the district court, another action which sought the identical relief prayed for in the first one and was in effect an attempt to obtain a reversal of the judgment theretofore rendered. The Herthels had also filed, and there was then pending, another action which if it had been allowed to go by default, would have resulted, under the trial court's judgment—and it may be added the judgment of this court on appeal—in the illegal payment of corporate funds by the corporation's depository.

In view of the conditions just related we believe—so far as provisions of our corporation code are concerned—the corporation was involved in three separate judicial proceedings which it had power to defend. The fact a proceeding to appoint a receiver is essentially a proceeding against the corporation (19 C. J. S. 1184, § 1417 [2] ) makes our conclusion inescapable as to the first two actions. With respect to the third the reason for it is so obvious as to do away with the necessity of additional comment.

Having concluded the corporation had authority to defend, it necessarily follows it also had the power to employ attorneys for that purpose and pay them for their services unless the record reveals something which precludes it from exercising that power.

As we approach consideration of matters claimed to have that effect it should be remembered that soon after the district court's decision the corporation elected a new board of directors and until on or about October 3, 1945, operated under its management. Likewise kept in mind, it was during that same period of time the board of directors ratified the action of Geiman—as it had a right to do if legally in control of the corporation's affairs (13 Am. Jur. 933, § 981)—in employing attorneys for the corporation, authorized payment of the $1,500 fee and directed the general manager to continue to employ the appellant attorneys—as it also had power to do if in control (13 Am. Jur. 899, § 936)—and directed its officers to pay for the legal services involved in the Ostrum appeal upon presentation of statements of account therefor.

We now give our attention to the question of who was in charge of the business affairs of the Geiman-Herthel Furniture Company during the interim of the refusal of the district court to appoint a receiver and the rendition of our decree in *Geiman-Herthel Furniture Co. v. Geiman,* supra.

On the question just stated appellees' position, when analyzed, is

that the filing of the initial litigation, followed by the appeal from the judgment refusing to appoint a receiver, resulted in taking control of the corporation out of the hands of its directors and placing it under the supervision and direction of the court. We do not agree. The rule to which we subscribe is to be found in 19 C. J. S. 1208, § 1494, where it is stated thus:

"Until the appointment of a receiver, the management of the affairs of a corporation remains in the hands of the directors, although suits therefor have been instituted, and their acts, unless prejudicial to the then existing rights of creditors, are binding."

See, also, *Hammond v. Carthage Sulphite Pulp & Paper Co.*, 34 F. 2d 155, holding:

"Acts of officers of corporation subsequent to issuance of order to show cause why receiver should not be appointed and prior to appointment of receiver are binding upon corporation and receiver, unless prejudicial to then existing rights of then existing creditors." (Headnote 5).

And *Planters Bank of Farmville v. Whittle and Als.*, 78 Va. 737, where it was held:

"Until the appointment of a receiver and the award of the injunction, the management of the affairs of the company remains in the hands of the directors, and assignments by them in payment of the company's debts may be lawfully made." (Syl. ¶ 6.)

At this point it should perhaps be stated that inasmuch as it is conceded the corporation was a solvent concern it cannot be urged its actions with respect to attorney fees was prejudicial to the right of creditors.

In addition appellees urge the board of directors had no power to take the action heretofore related because the matter of voting rights, involved in the original action, was *lis pendens* and that until such question was eventually determined the corporation could not legally elect a board of directors. Again we disagree. At the time the directors were elected the corporation was in control of its affairs and it cannot be denied the election of the board was important to transaction of its business. Moreover, this contention entirely overlooks the fact that the board was elected by the vote of stockholders, who were ultimately decreed to have the legal voting rights. The very most that can be said for it is that it might have had some weight in determining the rights of the parties had our final decision of that question upheld appellees' claim with respect thereto.

Next it is claimed all questions pertaining to attorney fees are

*res judicata* by reason of our decision in *Geiman-Herthel Furniture Co. v. Geiman,* supra. The record does not sustain such a contention. All we decided in that action in that regard was that long distance calls made by Geiman in consulting with *his* attorneys in the defense of such case were not proper charges against the corporation. The fees now under consideration are for services alleged to have been rendered the corporation, and, as has been heretofore indicated, were not there involved.

Finally, it is urged such fees are not obligations of the corporation because the legal services on which they are based were actually performed on behalf of Geiman and not the corporate entity. The determination of this contention is a factual one for, as we have seen, under existing conditions the corporation had power to contract and pay for services rendered in defending its interests in the three suits brought by Herthel. With respect to the $1,500 item the journal entry of judgment recites the basis for the judgment as rendered. It reads:

"That the sum of $1,500.00 which was heretofore and on or about November 10, 1944, caused to be paid from the assets of the corporation to Oscar Ostrum and R. C. Russell, were partial payments of compensation to said persons for services rendered by them to the said A. I. Geiman, and were not proper charges against the corporation, but were the personal indebtedness and obligation of the said A. I. Geiman; and that accordingly said sum is due and owing from the said A. I. Geiman to the corporation or to the fund in the hands of the Receiver for distribution in liquidation."

As to the $2,500 item the trial court in announcing its decision made the following statement:

"And the $2,500 additional attorney fees will be disallowed—not on the ground that it was not earned, but on the ground that Mr. Geiman should pay his attorney fee."

From what has just been related, inasmuch as there is nothing in the pleadings charging bad faith or fraudulent conduct on the part of the board of directors in allowing and paying the fees in question and no evidence in the record to sustain such a charge even if one had been alleged and, since there was no evidence to refute testimony in the Ostrum appeal, the fee claimed was fair and reasonable, it becomes crystal clear the sole question for decision is: Does the record disclose any evidence to sustain the trial court's judgment and if not does the evidence compel a judgment denying the $1,500 claim as made in the Geiman appeal and allowing the claim in the Ostrum appeal?

Briefly reviewing the evidence it will be noted that as to each claim both Geiman and Ostrum testified positively the fees involved were for services performed for the corporation and not for Geiman. Each stated Geiman was indebted to the attorneys for services rendered to him personally in the litigation. Ostrum testified that no personal fees were included in the sums charged against or collected from the corporation. In the Ostrum appeal the only evidence offered by appellees was Herthel's testimony to the effect the attorneys had not performed services except as it may be said they were performed for the corporation in the three actions brought by him. In view of our conclusion the corporation had a right to defend those actions such testimony was not contradictory of that offered by the claimants. If anything, it was corroborative.

With the record in condition as heretofore related we are forced to conclude: (1) In the Geiman appeal there is no evidence to sustain the trial court's judgment as set forth in its journal entry, and since the fee therein involved had been paid prior to the date of the appointment of the receiver that portion of the claim as made by Herthel should have been disallowed; (2) with respect to the Ostrum appeal where the undisputed evidence is that the amount claimed was for services rendered the corporation and the fee charged was fair and reasonable the claim should have been allowed.

In passing it should be said we are not unmindful of a rule relied upon by both appellees and appellants in support of their respective positions. It is found in 45 Am. Jur 217, § 279 (Receivers), and reads:

"It is a general rule that where an application has been made for the appointment of a receiver for a corporation, attorneys' fees and expenses in resisting such application, if made in good faith and upon reasonable grounds, may become a valid claim against the receiver. Whether such attorneys' fee and expenses are to be allowed rests in the sound discretion of the court, in view of all the facts and circumstances."

Many decisions can be found wherein the foregoing rule is recognized and quoted, but an examination of the great majority of such decisions discloses that it has been applied under circumstances where a receiver has been appointed at or shortly after the institution of a receivership action and the services of attorneys have been performed on behalf of the corporation with the receiver in control under the direction and supervision of the court. If limited

to conditions just mentioned we recognize it' as sound authority. However, if construed to mean that it is applicable to obligations incurred by a solvent corporation under facts and circumstances disclosed by the opinion in this case we hold that such rule is too broadly stated and refuse to apply· it.

Even so, we feel constrained to remark that had this case been one involving appointment of a receiver under circumstances where the principle would be applicable we would be disposed to hold it constituted abuse of discretion to deny the Ostrum claim under the other conditions existing and having to do with the propriety of its allowance. Relief by way of receivership is equitable in its nature and is controlled by and administered upon equitable principles. To say the least the result of the employment of the attorneys for the corporation resulted in delaying the appointment of a receiver a considerable period of time· during which the corporation accumulated an additional surplus of $6,000 which eventually will go to all stockholders in ,proportion to their respective interests. Much could be said upon the subject of the appellees' willingness to accept the benefits of that circumstance and their reluctance to assume its burdens. As it is, we dismiss it with the statement that to us it seems inequitable to charge one stockholder with the entire expense of legal services inuring to the benefit of all others having an interest in the assets of the corporation.

All that remains for decision are questions raised by the cross appeal. They are not strenuously argued and do not present the difficulties encountered in the disposition of the principal issue.

One is that the trial court erred in refusing to require Geiman to repay the receiver salary paid him by the corporation in excess of $150 per month during the period of time described· in the Herthel claim. This question is determined by what has been heretofore concluded with respect to powers of the board of directors. There is nothing in the record to show the compensation paid Geiman was unreasonable or excessive and it was paid pursuant to resolutions of the board during the time that body had the general management of the corporation's affairs. Under the statute (G. S. 1945 Supp., 17-3001) the board had power to allow its general manager suitable compensation. It follows the trial court's decision with respect thereto must be affirmed.

Another is that it was error to refuse to require Geiman to pay the receiver the reasonable value of corporation property alleged by

Herthel to have been wrongfully appropriated by the former. On this question the trial court's decision was based upon conflicting evidence. Under such circumstances this court will not weigh the evidence or disturb the judgment.

Lastly, it is contended that portion of the judgment allowing Geiman garage rental and storage charges on an elevator is erroneous because such claim was disposed of in the initial action and is now *res judicata*. The contention has merit. The record is indefinite and we cannot be certain what evidence the trial court had before it. Conceding there was ample evidence to support the judgment we are inclined to the view Geiman's admissions as heretofore set forth in this opinion and the failure to deny cross-appellees' statement that the identical claim was involved and determined in the former action justifies the sustaining of the contention on the grounds relied upon.

The judgment is affirmed in part and reversed in part and the trial court is instructed to render judgment in accordance with the views expressed in this opinion.